UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CEBASTIAN SICHIQUI and SONIA SINCHE
his wife, Per Quod

                                  Civil Action No.:
                                  08-CV00339

                    Plaintiffs,

      -against-

                                  **NOTICE OF MOTION**

202 GRANDVIEW ESTATES, LLC AND MOSHE
JUNGER d/b/a GRANDVIEW ESTATES, LLC.

                    Defendants.
-------------------------------------------------------------------X

        PLEASE TAKE NOTICE that upon the annexed affirmation of Matthew S. Aboulafia

dated July 22, 2008, the undersigned will move this Court at the United States District Court,

Southern District of New York, Daniel Patrick Moynihan United States Courthouse located at

500 Pearl Street, Room 1920, New York, New York 10007 on the 13th day of August 2008 at

noon of that day, or as soon thereafter as counsel can be heard, for an order to vacate the Default

Judgment pursuant to FRCP §60(b) and allow the Defendants to interpose an answer, and for

such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 22, 2008

                       Yours, etc.,

                       Matthew S. Aboulafia, Esq.
                       ABOULAFIA LAW FIRM LLC
                       Attorney for Defendant
                       60 East 42nd Street, Suite 2231
                       New York, NY 10165
                       (212) 684-1422

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CEBASTIAN SICHIQUI and SONIA SINCHE
his wife, Per Quod                                                        Civil Action No.:
                                                                          08-CV00339
                            Plaintiffs,

        -against-                                                         **AFFIRMATION IN
                                                                          SUPPORT**

202 GRANDVIEW ESTATES, LLC AND MOSHE
JUNGER d/b/a GRANDVIEW ESTATES, LLC.

                            Defendants.
------------------------------------------------------------------------X

        Matthew S. Aboulafia, an attorney duly admitted to practice law before the courts

of this state, affirms the following under the penalty of perjury:

        1.      I am the attorney for Defendant 202 GRANDVIEW ESTATES, LLC AND

MOSHE JUNGER d/b/a GRANDVIEW ESTATES, LLC. (hereinafter "202 GRANDVIEW") in

the above matter and submit this Affirmation in Support of the within Motion to Vacate the

Default Judgment pursuant to FRCP §60(b).

        2.      This is an action for injuries sustained by the Plaintiff while doing work on the

Defendant's property while employed by Tadana Construction LLC, a subcontractor hired by

Master Roofing & Siding Inc. Defendant 202 GRANDVIEW had entered into a contract with

Master to perform certain roofing work at the Defendant's property and said contract also

contained a hold harmless provision, as well as 202 GRANDVIEW being named as an additional

insured on Master's policy. Please see Affidavit from Moshe Junger attached hereto and Exhibits

"B" and "C." Master Roofing then subcontracted some or all of the work out to Tadana

Construction, who was the Plaintiff's employer.

        3.      The action was commenced in January 2008, and the Defendant was allegedly

served via the Secretary of State but never actually received the summons and complaint. Please

see Junger affidavit. Moreover, the Defendant had no knowledge of this lawsuit until it received the notice of entry and supporting papers on or about May 28, 2008. At that time, Mr. Junger on behalf of himself and the Defendant corporation contacted his insurance company and Master's insurance company to come in and defend 202 GRANDVIEW. Please see Exhibits "D, E & F." Subsequently, Mr. Unger contacted and retained the undersigned who is moving for said relief.

      4.      The within Motion to Vacate the Default Judgment should be granted pursuant to FRC §60(b)(4) on the ground that the judgment was void for lack of personal jurisdiction and pursuant to FRCP §60(b)(1) on the basis that all three criteria for determining whether to vacate such a judgment have been satisfied, which will be discussed more fully below. Specifically, as the Second Circuit held in *Davis v. Musler*, 713 F2d 907, 915 (2d Cir. 1983), a motion to vacate a default judgment pursuant to FRCP §60(b)(1) should be granted when sufficient evidence is presented that (1) the default was not willful; (2) the defendant has a meritorious defense; and (3) there is little or no prejudice that may occur to the non-defaulting party if relief is granted. In this case, the within papers present more than sufficient evidence that all three criteria have been met and that personal jurisdiction was not established.

## I.      The default judgment is void under FRCP §60(b)(4) for lack of personal jurisdiction.

      5.      First of all, Plaintiffs' Default Judgment should be vacated merely upon the fact that personal jurisdiction was not established upon the Defendants as they never received the summons and complaint in this action. While Plaintiffs claim, though this cannot be confirmed, the Defendants were served via the New York Secretary of State, said papers were never received. Please see Junger Affidavit. The Plaintiffs were required to mail a copy to the

Defendant corporation and also personally serve the individual, Mr. Junger. Please FRCP §4(e)

and 4(h). Accordingly, the Plaintiffs did not serve the Defendants properly, and therefore do not

have valid personal jurisdiction over 202 GRANDVIEW or Mr. Junger.


**II.    Pursuant to FRCP §60(b)(1) the judgment should be vacated because the Defendants' default not willful, they have a meritorious defense, and there is no prejudice to the Plaintiffs in granting this relief.**

6.    The Second Circuit Courts have liberally viewed motions to vacate default

judgments, noting in particular that "strong public policy favors resolving disputes on the

merits." *American Alliance Ins. Co Ltd v. Eagle Insurance Co.,* 92 F.3d 57, 61 (2nd Cir 1996);

*Gravatt v. The City of New York et al,* 1997 WL 419955 (S.D.N.Y). Specifically, the Second

Circuit in *Davis v. Musler* laid out three criteria that need to be evaluated in deciding if a motion

to vacate a default judgment should be granted pursuant to FRCP §60(b)(1): "(1)whether the

default was willful; (2) whether defendant has a meritorious defense; and (3)the level of

prejudice that may occur to the non-defaulting party if relief is granted." 713 F.2d 907, 915 (2[nd]

Cir 1983). In this case, the default was not willful as the Defendants did not receive the summons

and complaint and did not know about the lawsuit until the default judgment was entered, and the

Defendants have a meritorious defense because they had a hold harmless agreement with

Masters, who hired the Plaintiff's employer, and were also an additional named insured on their

policy. With respect to the third criteria, the lawsuit was only commenced in January 2008, and

notice of entry was not filed until late May 2008 so there is no real prejudice to the Plaintiff

especially since some of the necessary parties to this action have not been sued. Furthermore, the

undersigned spoke with Plaintiffs' counsel who said that he would be filing an amended

4

summons and complaint to add Master Roofing as a Defendant to this action as they are a

necessary party to this matter.

**a.     The default by the Defendants was not willful nor in bad faith, and therefore, the
first criteria for vacating a judgment has been satisfied.**

7.     While New York Courts have generally refused to vacate a default judgment when

the moving party made a strategic decision to default, the Second Circuit has also held that "the

Court must look for bad faith or something more than mere negligence before rejecting a claim of

excusable neglect based on an attorney's or a litigant's error." *Gravatt* 1997 WL 419955, 3; *See*

*American Alliance,* 92 F.3d at 60; *See also Brien v. Kullamn Industries Inc,* 71 F.3d 1073 (2d

Cir. 1995). Additionally, the Second Circuit in *Gravatt* held that "imprudent, inatentive, careless

or even negligent handling of a case, although not to be condoned, does not demonstrate

willfulness." *Gravatt Id. citing L.A. Gear Inc v. Kobacker Co Inc,* No. 93 Civ 8651, 1994 WL

455573 at 3, (S.D.N.Y. 1994). Clearly, there was no strategic decision on the part of the

Defendant to default as he nor his corporation received the papers until after the default judgment

was already entered with the Court. The minute the Defendant found out about the lawsuit he

immediately contacted his insurance company and Master's insurance company to have them

defend and indemnify 202 GRANDVIEW in this action. Immediately after receiving a denial

from both their insurance company and Master's insurer, the Defendants retained counsel in an

attempt to rectify the situation. Please see Exhibits "E" and "F." Whether it was an error on the

part of the Plaintiffs regarding service or an error by the NY Secretary of State, there is an

obvious and adequate reason for the Defendants' default in this matter, and thus, the first criteria

has been satisfied.

b.    **The second criteria for evaluating a motion for to vacate a judgment has been met because Defendants are able to assert a meritorious defense.**

8.    With respect to the meritorious defense prong, the Second Circuit has adopted the standard espoused by the Seventh Circuit, specifically that "A defense is meritorious if it is good law as to give the factfinder some determination to make." *American Alliance,* 92 F.3d at 61 *citing Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs Inc,* 856 F.2d 873, 879 (7th Cir 1988); *See Gravatt,* 1997 WL 419955 at 4. The Defendants have asserted several defenses and have attached said answer hereto as Exhibit "G." The defenses include: (1) 202 GRANDVIEW had a hold harmless provision for indemnification in its agreement with Masters, who is the party who hired the Plaintiff's employer (2) was named as an additional insured on Master's insurance policy (3) a portion of the work done on Defendant's property was unknowingly subcontracted out to Tadana, the Plaintiff's employee (4) all the necessary parties to the action have not been joined and (5)contributory negligence. Aside from the fact that the Defendants never performed nor supervised any of the work done on the premises, the contract entered into between Master and the Defendants included a hold harmless provision that provides Master will defend and indemnify 202 GRANDVIEW from all claims of any nature, **including those brought by employees of any subcontractors arising in whole or in part from injury.** Please see page 2 of Exhibit "B." As such, this is clearly why Plaintiffs' counsel has indicated they will amend their summons and complaint and bring Master into this action as they have contractually agreed to indemnify the already named Defendants. Also, pursuant to the contract, Master named 202 GRANDVIEW as an additional insured on their liability policy. Furthermore, Masters never informed 202 GRANDVIEW or its representative that it had hired Tadana to do a portion of the work, and pursuant to the terms of the contract in the event a subcontractor was

hired all the same conditions were to apply, including adequate liaibilty insurance. Please see

subsection E on Page 2 of Exhibit "B." In addition, the undersigned intends to bring a declaratory

judgment action against both our insurance company, United Risk Management, and Master's

insurance company, Scottsdale, for improper denials of a defense and indemnification for the

Defendants. Thus, all the necessary parties to this action have not been joined, and the

Defendants have obviously established a meritorious defense.

Moreover, the Defendants will assert contributory negligence, a valid defense pursuant to

NY Lab Law Section §200, which the Plaintiffs assert as one of their causes of action. In

*Gravatt*, the Second Circuit held that although the Plaintiff claimed contributory negligence was

not a valid defense under New York Labor Law, it is clearly a defense under Section §200.

*Gravatt*, 1997 WL 419955 at 5. Therefore, the Defendants have established several meritorious

defenses to this action, and should be allowed to be heard on the merits of the case.

c.    **The Plaintiffs will not be prejudiced if the judgment is vacated as the case has not been unduly delayed, and there is clearly a question of liability.**

With respect to the prejudice criteria, the Courts have held delay by itself is not sufficient

to establish prejudice but rather have considered if the delay will "result in the loss of evidence,

create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."

*Davis v. Musler*, 713 F.2d 907, 916 *citing* 10 *C. Wright, A. Miller and M. Kane, Federal Practice*

*and Procedure: Civil* 2699 at 536-37 (1983); *See Gravatt*, 1997 WL 419955 at 6. It should·be

again noted that the Plaintiffs have indicated they are amending their summons and complaint to

bring Master into the action, and therefore, the case will be delayed but Master is clearly a

necessary party to this lawsuit. Additionally, the action was only commenced in January 2008

and the notice of entry entered in late May 2008. As soon as the Defendants received notice of

this action in late May, they contacted their insurance company and Master's insurer. Upon being

denied a defense several weeks ago, the Defendants then sought counsel and retained the

undersigned. It is evident that the Plaintiffs will not suffer from any real prejudice if the default

judgment is vacated.

## CONCLUSION

The within Motion to Vacate the Default Judgment should be granted pursuant to FRC §60(b)(4)

on the ground that the judgment was void for lack of personal jurisdiction and pursuant to FRCP

§60(b)(1) on the basis that all three criteria for determining whether to vacate such a judgment

have been satisfied. In this case, the within papers present more than sufficient evidence that all

three criteria have been met, and that personal jurisdiction was not established.

Matthew S. Aboulafia (MA-7873)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CEBASTIAN SICHIQUI and SONIA SINCHE
his wife, Per Quod

                                                                Civil Action No.:
                                                                08-CV00339

                                Plaintiffs,

              -against-

                                                                **AFFIDAVIT IN
                                                                SUPPORT**

202 GRANDVIEW ESTATES, LLC AND MOSHE
JUNGER d/b/a GRANDVIEW ESTATES, LLC.

                                Defendants.
-----------------------------------------------------------------X

STATE OF NEW YORK      )

COUNTY OF NEW YORK  )

        Moshe Junger, being duly sworn deposes and says:

        1.        I am the sole member of the coporate Defendant named herein and submit this

Affidavit in Support of the instant motion to vacate the default judgment entered against myself

and my company.

        2.        I have both a meritorious defense to this action, as well as a reason why an

answer to the Complaint was not timely interposed.

                                        **FACTS**

        3.        In 2005, I purchased, through my company 202 Grandview Estates LLC, the

property at 202 Grandview Avenue Monsey New York. Please see the deed for the property

attached hereto as Exhibit "A." I intended to make this property a home for my family and hired

Master Roofing & Siding, Inc. (hereinafter "Master") to do certain work at the premises. As a

condition to that work, I insisted that they name my company as an additional insured on their

                                            1

insurance policy, which they did. Please see contract, invoice and certificate of insurance attached hereto as Exhibit "B."

    4.    They started work at the house and unbeknownst to me, Master sub contracted a portion or portions of their work to a company known as Tadana Construction, LLC (hereinafter "Tadana") whom I now know to be the company that the Plaintiff worked for at the time of this alleged incident. Please see a certificate of insurance for Tadana attached hereto as Exhibit "C."

## MERITORIOUS DEFENSE

    5.    Neither myself or my company performed any work at the premises up to and during the time of the alleged incident. All the work, including any supervisory work, was done by Master and Tadana. Additionally, the contract with Master includes a hold harmless agreement for indeminification of my company based on any claims or lawsuits arising out of their work at my premises *including claims brought by employees of their sub contractors*. As a result thereof Master needs to be brought into this litigation.

## NOTICE AND A EXCUSABLE DELAY

    6.    The first time I received notice of this lawsuit was on May 28, 2008 when a copy of the Default Judgment with Notice of Entry was mailed to my home address at 725 East 5th Street, Brooklyn, NY 11218. Please see the complaint and supporting papers attached hereto as Exhibit "D." I immedieatly notified my broker United Risk Management, who then contacted Master's insurance company, Scottsdale, to defend and indemnify my company in this lawsuit. Please see May 29, 2008 letter attached hereto as Exhibit "E."

On June 6, 2008 Scottsdale rejected my broker's request because the incorrect certificate of insurance was sent to them. Please see letter attached hereto as Exhibit "F." My broker then sent the correct certificate to Scottsdale, but he received no response from them until recently when they declined to defend me. At that point, my broker immediately contacted my insurer asking for a defense, for which we are still waiting for a response. Please see notification dated June 26, 2008 attached hereto as Exhibit "G."

I also had my personal lawyer, Elliot Haan, contact Plaintiff's attorney who had agreed to consider vacating the judgment if Scottsdale was willing to take over the case. Since I fully expected Scottsdale to defend me pursuant to my indemnification agreement with Master and due to the fact that I was named as an additional named insured on their policy, I did not hire an attorney to vacate the default judgment until last week.

I am advised that the above constitutes both a valid excuse for not timely answering the Complaint and a meritorious defense to the action.

_Moshe Junger_

Sworn to before me this
21st day of July 2008

_Notary Public_

JOSEPH ITZKOWITZ
NOTARY PUBLIC, State of New York
No. 01IT6178009
Qualified in Kings County
Commission Expires November 19, 2011

3

Exhibit A

# BARGAIN AND SALE DEED WITH COVENANT AGAINST GRANTOR'S ACTS (INDIVIDUAL OR CORPORATION)

## STANDARD NYBTU FORM 8007

CAUTION: THIS AGREEMENT SHOULD BE PREPARED BY AN ATTORNEY AND REVIEWED BY ATTORNEYS FOR SELLER AND PURCHASER BEFORE SIGNING.

*THIS INDENTURE*, made the 21st day of June, two thousand and five, **between**

**Ernst Vincent Bruno**. 201 a/k/a 202 Grandview Avenue, Monsey, NY 10952

, party of the first part, and

**202 Grandview Estates LLC**, a New York Limited Liability Company with offices located at 199 Lee Avenue, Suite 287, Brooklyn, New York 11211

, party of the second part,

*WITNESSETH*, that the party of the first part, in consideration of Ten ($10.00) dollars, lawful money of the United States, paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

*ALL* that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

## SEE SCHEDULE "A" ANNEXED HERETO AND MADE A PART HEREOF.

*TOGETHER* with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof,

*TOGETHER* with the appurtenances and all the estate and rights of the party of the first part in and to said premises,

*TO HAVE AND TO HOLD* the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

*AND* the party of the first part, covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

*AND* the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

*IN WITNESS WHEREOF*, the party of the first part has duly executed this deed the day and year first above written.

*IN PRESENCE OF*:

                                                        *Ernst Vincent Bruno*
                                                        Seller – Ernst Vincent Bruno

Acknowledgment by a Person Within New York State (RPL § 309-a)

STATE OF NEW YORK                )
                                 ) ss.:
COUNTY OF ROCKLAND               )

On the 21st day of JUNE in the year 2005 before me, the undersigned, personally appeared, **Ernst Vincent Bruno**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Notary Public

HARVEY L. BARNETT
Notary Public, State of New York
01BA4808255
Qualified in Queens County
Commission Expires June 30, 2006

**Section:** 41.13

**Block:** 2                                          *RWL050383*

**Lot:** 9

Record and Return to:   *202 Grandview Estates LLC*
                        *199 Lee Av # 287*

                Brooklyn, NY   *11211*

**Rockwell Abstract, LLC**
Issued on behalf of
*Stewart Title Insurance Company*

Title No.: *RWL050383*

## SCHEDULE A

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Ramapo, County of Rockland and State of New York, bounded and described as follows:

BEGINNING at a point in the southerly line of Grandview Avenue located the following 2 courses and distances from the point of intersection of the center line of Willow Tree Road and Grandview Avenue;

a) along the center line of Grandview Avenue South 73 degrees 42 minutes 50 seconds East 423.18 feet and

b) South 19 degrees 37 minutes 30 seconds West 20.44 feet;

THENCE from said beginning point along lands now or formerly of Trieb South 19 degrees 37 minutes 30 seconds West 482.96 feet to an iron pipe;

THENCE still along said lands now or formerly of Trieb South 10 degrees 51 minutes 40 seconds West 40.02 feet;

THENCE along lands conveyed by William W. Weiss and wife to William P. Seligman by deed recorded in the Rockland County Clerk's Office on June 27, 1960 in Liber 717 of Deeds page 562 the following two courses (1) North 71 degrees 01 minutes 30 seconds West 175.86 feet and (2) North 18 degrees 58 minutes 30 seconds East 514.30 feet to the southerly line of Grandview Avenue;

THENCE along the southerly line of Grandview Avenue South 73 degrees 42 minutes 50 seconds East 175.86 feet to the point or place of BEGINNING.

FOR INFORMATION ONLY:
Said premises is known as 201 Grandview Avenue
a/k/a 202 Grandview Avenue, Monsey, New York.

Also known as Section 41.13, Block 2, Lot 9 in Rockland County.

**Ed Gorman, County Clerk**
1 South Main St Ste 100
New City, NY 10956
(845) 638-5221

# Rockland County Clerk Recording Cover Sheet

Received From :
ROCKWELL ABSTRACT
39 WEST 37TH STREET
NEW YORK, NY 10018

Return To :
202 GRANDVIEW ESTATES LLC
199 LEE AVE #287
BROOKLYN NY 11211

**First GRANTOR**

BRUNO, ERNST V

**First GRANTEE**

202 GRANDVIEW ESTATES LLC

Index Type : Land Records

**Instr Number :** 2005-00034833

**Book :**                **Page :**

**Type of Instrument :** Deed
**Type of Transaction :** Deed

Recording Fee :              $120.00

Recording Pages :                  4

The Property affected by this instrument is situated in Ramapo, in the
County of Rockland, New York

### Real Estate Transfer Tax

| | |
|---|---|
| RETT # : | 6940 |
| Deed Amount : | $785,000.00 |
| RETT Amount : | $3,140.00 |
| Total Fees : | $3,260.00 |

State of New York

County of Rockland

I hereby certify that the within and foregoing was
recorded in the Clerk's office for Rockland County,
New York

On (Recorded Date) : 06/28/2005

At (Recorded Time) : 8:05:59 AM

Doc ID - 013143680004

Ed Gorman, County Clerk

This sheet constitutes the Clerks endorsement required by Section 319 of Real Property Law of the State of New York

Entered By: PLP  Printed On : 07/06/2005   At : 8:07:37AM

Exhibit B

# 202 Grandview Estates

## Sub-Contractor Agreement

Sub-Contractor Name _Master Roofing & Siding, Inc._

Sub-Contractor Address _25 Robert Pitt Dr._

_Suite 212, Monsey, N.Y. 0952_

This agreement is being entered into all by indicated parties for any and all work done for, with, or on behalf of 202 Grandview Estates LLC ("Owner") at 202 Grandview Ave, Monsey, NY ("the Property") for the period starting _4/19/2007_ and running until completion of contractual obligations.

This agreement is being provided for 202 Grandview Estates LLC as Owner and Contractor in full agreement to the insuring and hold harmless conditions outlined below, and pertains to all work performed during this indicated period of time whether via written or verbal arrangements.

Prior to commencement of any work under this contract and until completion and final acceptance of the work, the Sub-Contractor shall, at its sole expense, maintain the following insurance on its own behalf, and 202 Grandview Estates LLC certificates of insurance evidencing same and reflecting the effective date of such coverage as follows:

A. Worker's Compensation and Occupational Disease Insurance in accordance with the applicable law or laws; Employer's Liability Insurance. This includes sole proprietorships and officers of corporations who will be performing work on the job.

B. Commercial General Liability with a combined bodily injury and Property Damage limit of not less than ONE Million ($1,000,000.00) Dollars per occurrence and TWO Million ($2,000,000.00) Dollars in the aggregate. The aggregate must be applicable on a per annual basis. Coverage must include the following perils:

   1. Completed Operations/Products Liability

   2. Independent Contractors

   3. Coverage is to be provided on an "occurrence" basis with carriers licensed and admitted to do business in the State of New York or otherwise acceptable to the Owner 202 Grandview Estates LLC

   4. A copy of policy and / or endorsement(s) and any other documents required to verify such insurance are to be submitted with the appropriate certificate(s), or upon the request of 202 Grandview

Estates LLC To provide these documents is not to be construed as a waiver of the requirements to provide such insurance.

C. The amount of insurance contained in aforementioned insurance coverage shall not be construed to be a limitation of the liability on the part of the Contractor or any of its Subcontractors.

D. The carrying of the insurance described shall in no way be interpreted as relieving the Contractor of any responsibility of liability under this Contract.

E. Should the Sub-Contractor engage another Sub-contractor, the same conditions will apply under this contract to each Sub-contractor, however the retained Subcontractor shall be required to maintain limits of liability of not less than One Million ($1,000,000.00) Dollars per occurrence and Two Million (2,000,000.00) Dollars in the aggregate, with said limits applicable on a per annual basis, or such greater limits as may be requested by the retaining Contractor.

Hold Harmless:

To the fullest extent permitted by law, Contractor agrees to defend, pay on behalf of and hold harmless 202 Grandview Estates LLC and its shareholders, directors, officers, agents, employees, and representatives from all claims of whatsoever nature or kind, including those brought by employees of Sub-Contractor, its employees, agents and subcontractors, and against any and all claims, suits, liens, judgments, damages, losses and expenses, including legal fees and all court costs and liability (including statutory liability) arising in whole or in part and in any manner from injury and/or death of person or damage to or loss of any property resulting from the acts, omission, breach or default of Contractor, its officers, directors, agents employees and subcontractors, in connection with the performance of any work by or for Owner and/or Contractor pursuant to any contract Purchase Order and or related Proceed Order, except those claims, suits, liens, judgments, damages, losses and expenses caused by the negligence of 202 Grandview Estates LLC and its shareholders, directors, officers, agents, employees and representatives, arising in whole or in part out of any such acts, omissions, breach or default. The foregoing indemnity shall include injury or death of any employee of the Owner or Contractor and shall not be limited in any way by and amount of type of damage, compensation, disability benefits or other similar employees benefit act.

The Sub-Contractor hereby expressly permits the Owner to pursue and assert claims against the Sub-Contractor for indemnity, contribution and common law negligence arising out of claims for damages for death and personal injury.

All the work done by the Sub-Contractor shall be performed with N.Y.C. Building Department and OSHA Codes.

Any Fines for Contractor's wrongdoing from this date until finish date is Contractor's responsibility only.

Signature
Print name and title
Date    4/19/2007



Master Roofing & Siding Inc.
25 Robert Pitt Drive
Suite 212
Monsey N Y 10952
Fax: (845)425-1664

# Invoice

| Date | Invoice # |
|------|-----------|
| 4/19/2007 | 917 |

| Bill To | Job Location |
|---------|--------------|
| Moishy Ungar | New House on Grandview |

| Qty | Item | Description | Price | Total |
|-----|------|-------------|-------|-------|
| | Felt Paper | Cover all open plywood with 15lb felt paper | | |
| | Ice & water shi... | Install on all edges and valleys of roof | | |
| | Copper Roof | Install copper on top and bottom of window | | |
| | Shingles | Install Certainteed Shingles with a 50-year warranty; green | | |
| | Flashing | Install flashing on all places needed with copper | | |
| | Ridge vent | Install ridge vent with t-text cap on peak of roof | | |
| | Tyvek Paper | Wrap around house with tyvek paper | | |
| | Building Cost | | 38800.00 | 38,800.00 |

| | |
|---|---|
| **Total** | $38,800.00 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $38,800.00 |

Sep 11 2007 4:44PM    HP LASERJET FAX

09/11/2007  16:33    7184355111        INSURE SECURE INC            PAGE  01/01

# ACORD. CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY) 3/11/2007

**PRODUCER**
INSURE SECURE, INC          718-436-5111
4702-13TH AVE
BROOKLYN, NY        11219

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**INSURED**
MASTER ROOFING & SIDING, INC.
3 DEBORAH ROAD
MONSEY, NY 10952

**INSURERS AFFORDING COVERAGE**  NAIC #
INSURER A: SCOTTSDALE INSURANCE CO.
INSURER B:
INSURER C:
INSURER D:
INSURER E:

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADDL INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE | POLICY EXPIRATION DATE | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | X | GENERAL LIABILITY  X COMMERCIAL GENERAL LIABILITY  CLAIMS MADE  X OCCUR | CLS 1323800 | 11/04/2006 | 11/04/2007 | EACH OCCURRENCE | 1,000,000 |
| | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | 50,000 |
| | | | | | | MED EXP (Any one person) | |
| | | | | | | PERSONAL & ADV INJURY | 1,000,000 |
| | | | | | | GENERAL AGGREGATE | 2,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER:  POLICY  PRO-JECT  LOC | | | | PRODUCTS - COMP/OP AGG | 1000000 |
| | | AUTOMOBILE LIABILITY  ANY AUTO  ALL OWNED AUTOS  SCHEDULED AUTOS  HIRED AUTOS  NON-OWNED AUTOS | | | | COMBINED SINGLE LIMIT (Ea accident) | |
| | | | | | | BODILY INJURY (Per person) | |
| | | | | | | BODILY INJURY (Per accident) | |
| | | | | | | PROPERTY DAMAGE (Per accident) | |
| | | GARAGE LIABILITY  ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | |
| | | | | | | OTHER THAN  EA ACC  AUTO ONLY:  AGG | |
| | | EXCESS/UMBRELLA LIABILITY  OCCUR  CLAIMS MADE  DEDUCTIBLE  RETENTION  $ | | | | EACH OCCURRENCE | |
| | | | | | | AGGREGATE | |
| | | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY  ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED?  If yes, describe under SPECIAL PROVISIONS below | | | | WC STATU-TORY LIMITS  OTH-ER | |
| | | | | | | E.L. EACH ACCIDENT | |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | |
| | | OTHER | | | | E.L. DISEASE - POLICY LIMIT | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS
CERTIFICATE HOLDER LISTED AS ADDITIONAL INSURED WITH RESPECT TO WORK BEING DONE BY THE INSURED

**CERTIFICATE HOLDER**
202 GRANDVIEW ESTATES, LLC
199 LEE AVENUE
BROOKLYN, NY 11211

**CANCELLATION**
SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL    30   DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.
AUTHORIZED REPRESENTATIVE

ACORD 25 (2001/08)                    © ACORD CORPORATION 1988

Exhibit C

**ACORD™  CERTIFICATE OF LIABILITY INSURANCE**

DATE (MM/DD/YYYY)
6/12/2007

| PRODUCER | |
|---|---|
| OMEGA INSURANCE AGENCY    908-355-8765 | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |
| 623 Westfield Avenue | |
| Elizabeth , NJ           07208 | |

| INSURERS AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURED | INSURER A: RUTGERS CASUALTY INS. CO. | 889 |
| TADANA CONSTRUCTION LLC | INSURER B: | |
| GENARO CHICA | INSURER C: | |
| 428 UNION AVENUE | INSURER D: | |
| ELIZABETH, NJ 07208 | INSURER E: | |

**COVERAGES**

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| | X | **GENERAL LIABILITY** | CPP290292410 | 10/18/2006 | 10/18/2007 | EACH OCCURRENCE | $ 1,000,000 |
| | | COMMERCIAL GENERAL LIABILITY | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | 100,000 |
| | | ☐ CLAIMS MADE  ☐ OCCUR | | | | MED EXP (Any one person) | $ 5000 |
| | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: ☐ POLICY ☐ PRO-JECT ☐ LOC | | | | PRODUCTS - COMP/OP AGG | $ 1,000,000 |
| | | **AUTOMOBILE LIABILITY** | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | ☐ ANY AUTO | | | | | |
| | | ☐ ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | $ |
| | | ☐ SCHEDULED AUTOS | | | | | |
| | | ☐ HIRED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| | | ☐ NON-OWNED AUTOS | | | | | |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | **GARAGE LIABILITY** | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | ☐ ANY AUTO | | | | OTHER THAN   EA ACC | $ |
| | | | | | | AUTO ONLY:   AGG | $ |
| | | **EXCESS/UMBRELLA LIABILITY** | | | | EACH OCCURRENCE | $ |
| | | ☐ OCCUR  ☐ CLAIMS MADE | | | | AGGREGATE | $ |
| | | | | | | | $ |
| | | ☐ DEDUCTIBLE | | | | | $ |
| | | ☐ RETENTION    $ | | | | | $ |
| | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** | | | | ☐ WC STATU-TORY LIMITS  ☐ OTH-ER | |
| | | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? | | | | E.L. EACH ACCIDENT | $ |
| | | If yes, describe under SPECIAL PROVISIONS below | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | **OTHER** | | | | E.L. DISEASE - POLICY LIMIT | $ |

| DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS |
|---|
| THE CERTIFICATE HOLDER NAMED BELOW IS NAMED AS ADDITIONAL INSURED |

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| MASTER ROOFIND AND SIDING | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION |
| 25 ROBERT PITT DRIVE SUITE 210 | DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL __10__ DAYS WRITTEN |
| MONSEY NY 10952 | NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL |
| 845-425-1664 | IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR |
| | REPRESENTATIVES. |
| | AUTHORIZED REPRESENTATIVE |
| | *Gloria A Cardenas* |

ACORD 25 (2001/08)                                                                                      © ACORD CORPORATION 1988

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

CEBASTIAN SICHIQUI AND SONIA SINCHE,
his wife, PER QUOD,

                                Plaintiffs,

                                                        Docket # 08-CV-00339

        -against-

202 GRANDVIEW ESTATES, LLC AND MOSHE            **NOTICE OF ENTRY**
JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC,

                                Defendants..
-----------------------------------------------------------X

        PLEASE TAKE NOTICE, that the within is a (certified) true copy of a DEFAULT

JUDGMENT duly signed by Judge Robert W. Sweet of the U.S.D.C, Southern District of New York,

on the 23rd day of April, 2008 and the Clerk's Certificate filed on April 22, 2008 in the office of the

Judgment Clerk of the Court.

Dated: New York, New York
        May 19, 2008

                                GINARTE, O'DWYER GONZALEZ & WINOGRAD, LLP

                                _____
                                Gary R. Nevins, Esq. (GN5998)
                                Attorneys for Plaintiffs
                                225 Broadway, 13th Floor
                                New York, New York 10007
                                (212) 601-9700

To:

202 Grandview Estates, LLC
199 Lee Avenue, Suite 287
Brooklyn, New York 11211

Moshe Junger d/b/a 202 Grandview Estates, LLC
199 Lee Avenue, Suite 287
Brooklyn, New York 11211

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x     08 Civ. 00339 (Rws)
CEBASTIAN SICHIQUI AND SONIA SINCHE,
his wife, PER QUOD,

                          Plaintiff,

        - against -

202 GRANDVIEW ESTATES, LLC and MOSHE
JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC,

                          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

```
DEFAULT JUDGMENT
┌─────────────────────────────┐
│ USDC SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #:                       │
│ DATE FILED:  4/24/08         │
└─────────────────────────────┘
```

    This action having been commenced on January 15, 2008 by the filing of the Summons and

Complaint, and a copy of the Summons and Complaint having been served on the defendants, 202

GRANDVIEW ESTATES, LLC and MOSHE JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC,

on January 30, 2008 by Secretary of State and a proof of service having been filed on February 12,

2008 and the defendant not having answered the Complaint, and the time for answering the

Complaint having expired, it is

    ORDERED, ADJUDGED AND DECREED: That the plaintiff have judgment against

defendant in the liquidated amount of $5,000,000.00 plus costs and disbursements of this action in

the amount of $679.33 amounting in all to $5,000,679.33.

Dated: New York, New York
       4·23·08

                                        _____
                                        U.S.D.J.

                                        This document was entered on the docket
                                        on _____.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
CEBASTIAN SICHIQUI AND SONIA SINCHE,
his wife, PER QUOD,

              - against -

202 GRANDVIEW ESTATES, LLC and MOSHE
JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC,

                         Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

08 Civ. 00339

**CLERK'S CERTIFICATE**

APR 2 2 2008

    I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern

District of New York, do hereby certify that this action commenced on January 15, 2008 with the

filing of a summons and complaint, a copy of the summons and complaint was served on defendants

by serving 202 GRANDVIEW ESTATES, LLC and MOSHE JUNGER d/b/a 202 GRANDVIEW

ESTATES, LLC, on January 30, 2008 by Secretary of State and a proof of such service thereof was

filed on February 12, 2008.

    I further certify that the docket entries indicate that the defendants have not filed an

answer or otherwise moved with respect to the complaint herein. The default of the defendant is

hereby noted.

Dated: New York, New York
      April 9, 2008

                                 **J. MICHAEL MCMAHON**
                                 Clerk of the Court

                              By:_____
                                    Deputy Clerk

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK  )

     **ANA E. COLON**, being duly sworn, deposes and says:

     Deponent is not a party to the action, is over 18 years of age and resides in Bronx County, New York.

     On May 20, 2008 deponent served a copy of the within **NOTICE OF ENTRY** upon the following parties and/or attorneys for the parties shown below by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department.

## ADDRESSES

Via CMRRR:  7007 0710 0005 6021 9326
202 Grandview Estates, LLC
199 Lee Avenue, Suite 287
Brooklyn, New York 11211

Via CMRRR:  7007 0710 0005 6021 9319
Moshe Junger d/b/a 202 Grandview Estates, LLC
199 Lee Avenue, Suite 287
Brooklyn, New York 11211

Via CMRRR:  7007 0710 0005 6021 8350
Moshe Junger
725 East 5th Street
Brooklyn, New York 11218

                                  _____
                                  ANA E. COLON

Sworn to before me this
20th day of May, 2008

_____
Notary Public

SHIRLEY MEDINA
Notary Public State of New York
No. 01ME6157996
Qualified in Kings County
Commission Expires Dec ? 2010

**DOC #_____**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CEBASTIAN SICHIQUI and SONIA SINCHE,
his wife, Per Quod

                        Plaintiffs,                          Trial by Jury Demanded

        -against-                                            **COMPLAINT**

202 GRANDVIEW ESTATES, LLC and MOSHE
JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC

                        Defendants.
-------------------------------------------------------------X

        Plaintiffs, complaining of the defendants, by their attorneys, **Ginarte, O'Dwyer Gonzalez**

**& Winograd, LLP**, upon information and belief, at all times herein mentioned, allege as follows:

## AS AND FOR A FIRST CLAIM FOR RELIEF

        1.      The plaintiffs are residents of the State of New Jersey, being domiciled at 27 Chilton

Street, Elizabeth, New Jersey.

        2.      Jurisdiction herein is based upon 28 U.S.C.§1332, diversity of citizenship and that

the matter in controversy exceeds the sum of $75,000.

        3.      The defendant, **202 GRANDVIEW ESTATES, LLC**, herein was and is still a

domestic corporation organized and existing under the laws of the State of New York.

        4.      The defendant, **202 GRANDVIEW ESTATES, LLC**, maintained a principal place

of business at 199 Lee Avenue, Suite 287, Brooklyn, New York, County of Kings, within the State

of New York.

        5.      The defendant, **202 GRANDVIEW ESTATES, LLC**, was the owner of premises

located at 202 Grandview Avenue, Town of Monsey, County of Rockland and State of New York

(hereinafter "the Premises").

6. The defendant, **MOSHE JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC,** herein was and is still a domestic corporation organized and existing under the laws of the State of New York.

7. The defendant, **MOSHE JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC,** maintained a principal place of business at 199 Lee Avenue, Suite 287, Brooklyn, New York, County of Kings, within the State of New York.

8. The defendant, **MOSHE JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC,** was the owner of premises located at 202 Grandview Avenue, Town of Monsey, County of Rockland and State of New York (hereinafter "the Premises").

9. The defendant **MOSHE JUNGER D/B/A 202 GRANDVIEW ESTATES, LLC** was involved with a construction project at the subject premises on July 25, 2007.

10. The defendant **202 GRANDVIEW ESTATES LLC** was a contractor involved with a construction project at the premises on or about July 25, 2007.

11. The defendant, **MOSHE JUNGER D/B/A 202 GRANDVIEW ESTATES, LLC** managed the aforementioned construction project and/or premises.

12. The defendant, **MOSHE JUNGER D/B/A 202 GRANDVIEW ESTATES, LLC** controlled aforementioned construction project and/or premises.

13. The defendant, **202 GRANDVIEW ESTATES LLC,** managed the aforementioned construction project and/or premises.

14. The defendant, **202 GRANDVIEW ESTATES LLC,** controlled the aforementioned construction project and/or premises.

15. Sometime prior to the occurrence complained of, the defendants, **202 GRANDVIEW ESTATES LLC** and **MOSHE JUNGER D/B/A 202 GRANDVIEW ESTATES,**

LLC contracted with Tadana Construction. to erect, demolish, renovate, repair, alter, alter, paint, clean, excavate, construct and/or maintain the aforementioned construction project and/or premises.

16.    On July 25, 2007, the plaintiff, **CEBASTIAN SICHIQUI** was an employee of Tadana Construction.

17.    On July 25, 2007, the plaintiff, **CEBASTIAN SICHIQUI** was lawfully at the aforementioned construction project and/or premises and was in the course of his employment with Tadana Construction in connection with the erection, demolition, repairing, altering, painting, cleaning, renovation, excavation, construction and/or maintenance of the aforementioned premises.

18.    On July 25, 2007, the plaintiff, **CEBASTIAN SICHIQUI** while engaged in the above described employment was cause to fall and suffer severe and permanent personal injuries.

19.    The aforesaid occurrence and consequential injuries were due solely and occasioned by the wanton, reckless, malicious and negligent acts of the defendants , with utter disregard of the result upon the rights and safety of the plaintiff, either alone or in conjunction with its agents, servants and/or employees, and without any negligence on the part of the plaintiff contributing thereto; in failing to advise the plaintiff of the dangerous condition then and there existing; in failing to provide the plaintiff with proper safety equipment; in permitting, allowing and causing the plaintiff to work under dangerous and unsafe conditions; in failing to insure that the work area be so constructed, shored, equipped, guarded, arranged, operated and conducted so as to provide reasonable and adequate protection and safety to the persons employed thereon as mandated by the United States and the New York State Administrative enactments and statutes.

20.    The above described occurrence was caused by the defendants' violation of Section 200 of the Labor Law of the State of New York.

21.    The above described occurrence was caused by the defendants' violation of Section

240 of the Labor Law of the State of New York.

22.    The above described occurrence was caused by the defendants' violation of Section 241 of the Labor Law of the State of New York, and more particularly, Subsection (6) thereof.

23.    By reason of the foregoing, the plaintiff, **CEBASTIAN SICHIQUI** has been damaged in an amount not exceeding **FIVE MILLION DOLLARS ($5,000,000.00)**.

## AS AND FOR A SECOND CLAIM FOR RELIEF

24.    Plaintiffs reiterate and reallege each and every allegation contained in paragraphs "1" through "18" as if completely set forth herein

25.    Plaintiff, **SONIA SINCHE**, was, at the time of the incident complained of, and is the wife of the Plaintiff, **CEBASTIAN SICHIQUI**.

26.    As the result of the Defendants' negligence she was denied, the companionship, society and consortium of her husband, the Plaintiff, **CEBASTIAN SICHIQUI**.

27.    By reason of the foregoing, the Plaintiff, **SONIA SINCHE**, has been damaged in the amount of **ONE MILLION DOLLARS ($1,000,000.00)**

**WHEREFORE**, Plaintiff demands judgment in an amount to be determined by this Court at a time to be determined by this Court in an amount which is beyond the jurisdictional capacity of all lower Courts which would otherwise have jurisdiction over this matter.

Dated: New York, New York
       January 2, 2008

YOURS, ETC.,

RICHARD M. WINOGRAD(RW6911)
GINARTE, O'DWYER GONZALEZ & WINOGRAD LLP
Attorneys for Plaintiff(s)
305 Broadway, Suite 800
New York, New York 10007
212-267-4185

Exhibit E

 **UNITED** **RISK MANAGEMENT INC.**

*INSURANCE PROFESSIONALS*

May 29, 2008

**Scottsdale Insurance Company-Via Fax: 480-483-6752**
**Attn: New Loss Department**

**RE: You're Insured: Master Roofing & Siding Inc.**
**Policy# CLS1323800**
**D/O/L: 7/27/07**
**Location of Occurrence: 202 Grandview Avenue, Monsey, NY**
**Our Insured: 202 Grandview Estates, LLC**

Dear Sir or Madam,

Please be advised that my above captioned insured contracted your above insured to do roofing work at the above location.

It came to our attention that an employee of your insured's subcontractor was hurt on the premises.

Enclosed please find a certificate of insurance naming our insured as additional insured along with a hold/harmless indemnification agreement.

My insured demands that you defend and indemnify them per the latter.

Should you have any questions please feel free to call myself or the insured Moshe Junger @718-403-0900.

Sincerely,

Mindy Sofer

CC: Mark Junger

Please note, that the summons was served upon the Secretary of State and neither our insured nor according to master roofing did they receive a notice of this claim up until now.

Exhibit F



## SCOTTSDALE INSURANCE COMPANY®

June 6, 2008

Untied Risk Management, Inc.
Attn: Barry
134-136 Broadway, Suite 407
Brooklyn, NY 11211

RE:   Your Insured:          202 Grandview Estates, LLC.
      Our Insured:           Master Roofing and Siding, Inc.
      Date of Loss:          7/27/07
      Location of Occurrence: 202 Grandview Avenue, Monsey, New York
      Claim No.:             1123989-173

Dear Barry:

This is in response to your demand for indemnification and defense on behalf of your insured
202 Grandview Estates, LLC. . We notice that the Certificate of Insurance that you sent to us is
dated September 11, 2007, which is after the date of loss of July 27, 2007. Therefore, they are
not an additional insured under our policy nor do we have a Blanket Additional Insured
Endorsement. We have hired an investigator to look into this matter to see if we have a duty to
defend and/or indemnify your insured.

Once we are in a position to make this assessment, we will respond to your tender in a timely
manner.

Should you have any questions in regard to this matter, please do not hesitate to contact the
undersigned.

Sincerely,

David W. Fisher
Claim Analyst
Extension 2746

DWF/gvp/GVP/S41857

 A Nationwide® Company

Exhibit G

### FASCIMILLE TRANSMISSION

### UNITED RISK MANAGE MENT
**134-136 Broadway Suite 407**
**BROOKLYN, N.Y. 11211**
**TEL. (718) 387-3031, Ext 205-FAX (718) 387-3070**

*Date: June 26, 2008*

*To:  Jimcor*

*Att: Claims Department*

*Fax: 201-573-8820*

*From: Mindy*

*Re: 202 Grandview Estates*
*Policy# 3CW-5349*

*TOTAL NUMBER OF PAGES 10 (INCLUDING THIS PAGE)*

*Attached please find a claim received for the above captioned policy.*

*Kindly forward confirmation of receipt ASAP.*

*If you have any questions please feel free to contact us.*
*Thank You.*

```
┌─────────────────────────────────────┐
│  TRANSMISSION VERIFICATION REPORT    │
└─────────────────────────────────────┘

                              TIME  : 06/26/2008 15:51
                              NAME  :
                              FAX   :
                              TEL   :
                              SER.# : 000M6J397025

┌──────────────────────────────────────────────────────────┐
│  DATE,TIME              06/26  15:48                       │
│  FAX NO./NAME           12015738820                        │
│  DURATION               00:02:46                           │
│  PAGE(S)                10                                 │
│  RESULT                 OK                                 │
│  MODE                   STANDARD                           │
│                         ECM                                │
└──────────────────────────────────────────────────────────┘
```

## FASCIMILLE TRANSMISSION

### UNITED RISK MANAGE MENT
*134-136 Broadway Suite 407*
*BROOKLYN, N.Y. 11211*
*TEL. (718) 387-3031, Ext 205-FAX (718) 387-3070*

*Date: June 26, 2008*

*To:  Jimcor*

*Att: Claims Department*

*Fax: 201-573-8820*

*From: Mindy*

*Re: 202 Grandview Estates*
*Policy# 3CW-5349*

*TOTAL NUMBER OF PAGES 10 (INCLUDING THIS PAGE)*

# ACORD® GENERAL LIABILITY NOTICE OF OCCURRENCE / CLAIM

**DATE (MM/DD/YYYY)** 6/26/2008

| AGENCY | | PHONE (A/C, No, Ext): **(718) 387-3031** |
|---|---|---|

UNITED RISK MANAGEMENT INC
134 Broadway #407-408
Brooklyn, NY 11211

| NOTICE OF OCCURRENCE | | DATE OF OCCURRENCE AND TIME | | AM / PM | DATE OF CLAIM | PREVIOUSLY REPORTED |
|---|---|---|---|---|---|---|
| X | NOTICE OF CLAIM | 7/25/07 | | | | YES / NO |

| EFFECTIVE DATE | EXPIRATION DATE | POLICY TYPE | | RETROACTIVE DATE |
|---|---|---|---|---|
| 3/01/07 | 3/01/08 | OCCURRENCE | CLAIMS MADE | |

| COMPANY | NAIC CODE: | MISCELLANEOUS INFO (Site & location code) |
|---|---|---|

FAX (A/C, No): **(718) 387-3070**
E-MAIL ADDRESS: **unrm@aol.com**

Essex Insurance Company

| CODE: | SUB CODE: | POLICY NUMBER **3CW-5349** | REFERENCE NUMBER |
|---|---|---|---|
| AGENCY CUSTOMER ID: | | | |

## INSURED

| NAME AND ADDRESS | SOC SEC # OR FEIN: |
|---|---|

202 Grandview Estates LLC

199 Lee Avenue, P.M.B. 287
Brooklyn, NY 11211

| CONTACT | | CONTACT INSURED |
|---|---|---|
| NAME AND ADDRESS | | |

WHERE TO CONTACT

| RESIDENCE PHONE (A/C, No) | BUSINESS PHONE (A/C, No, Ext) **718-403-0900** |
|---|---|
| CELL PHONE (A/C, No) | E-MAIL ADDRESS |

| RESIDENCE PHONE (A/C, No) | BUSINESS PHONE (A/C, No, Ext) |
|---|---|
| CELL PHONE (A/C, No) | E-MAIL ADDRESS |

WHEN TO CONTACT

## OCCURRENCE

| LOCATION OF OCCURRENCE (Include city & state) | **Please see the attached.** | AUTHORITY CONTACTED |
|---|---|---|

DESCRIPTION OF OCCURRENCE (Use separate sheet, if necessary) **Please see the attached.**

## POLICY INFORMATION

COVERAGE PART OR FORMS (Insert form #s and edition dates)

| GENERAL AGGREGATE | PROD/COMP OP AGG | PERS & ADV INJ | EACH OCCURRENCE | FIRE DAMAGE | MEDICAL EXPENSE | DEDUCTIBLE | PD |
|---|---|---|---|---|---|---|---|
| | | | | | | | BI |

| UMBRELLA/EXCESS | UMBRELLA | EXCESS | CARRIER: | LIMITS: | AGGR | PER CLAIM/OCC | SIR/DED |
|---|---|---|---|---|---|---|---|

## TYPE OF LIABILITY

| PREMISES: INSURED IS | | OWNER | TENANT | OTHER: | TYPE OF PREMISES |
|---|---|---|---|---|---|

OWNER'S NAME & ADDRESS (if not insured)

OWNER'S PHONE (A/C, No, Ext):

| PRODUCTS: INSURED IS | | MANUFACTURER | VENDOR | OTHER: | TYPE OF PRODUCT |
|---|---|---|---|---|---|

MANUFACTURER'S NAME & ADDRESS (if not insured)

MANUFACT PHONE (A/C, No, Ext):

WHERE CAN PRODUCT BE SEEN?

OTHER LIABILITY INCLUDING COMPLETED OPERATIONS (Explain)

## INJURED/PROPERTY DAMAGED

| NAME & ADDRESS (Injured/Owner) | | PHONE (A/C, No, Ext) |
|---|---|---|

| AGE | SEX | OCCUPATION | EMPLOYER'S NAME & ADDRESS | PHONE (A/C, No, Ext) |
|---|---|---|---|---|

| DESCRIBE INJURY | FATALITY | WHERE TAKEN | WHAT WAS INJURED DOING? |
|---|---|---|---|

| DESCRIBE PROPERTY (Type, model, etc.) | ESTIMATE AMOUNT | WHERE CAN PROPERTY BE SEEN? | WHEN CAN PROPERTY BE SEEN? |
|---|---|---|---|

## WITNESSES

| NAME & ADDRESS | BUSINESS PHONE (A/C, No, Ext) | RESIDENCE PHONE (A/C, No) |
|---|---|---|

REMARKS

| REPORTED BY | REPORTED TO | SIGNATURE OF INSURED | SIGNATURE OF PRODUCER |
|---|---|---|---|

ACORD 3 (2007/01)     Page 1 of 2     © ACORD CORPORATION 1986-2007. All rights reserved.
The ACORD name and logo are registered marks of ACORD



**JIMCOR AGENCIES**

60 Craig Road
Montvale, NJ 07645
Phone: (201) 573-8200
Fax: (201) 573-8820
www.jimcor.com

United Risk Management Inc.                                                        Jun 30, 2008
134-136 Broadway  Suite 404-407
Brooklyn, NY 11211

| | |
|---|---|
| *Insured Name:* | 202 Grandview Estates LLC |
| *Date of Loss:* | 7/25/2007 |
| *Policy Number:* | 3CW-5349 |
| *Policy Term:* | 3/1/2007 to 3/1/2008 |
| *Claim Number:* | 080630-002 |

Dear Mindy,

We are in receipt of the incident regarding  202 Grandview Estates LLC , which was received in our office on   6/26/2008.

We have forwarded this claim onto  Essex Insurance Company . To obtain your claim information, please contact  Essex Insurance
Company at (800) 963-7739.

Sincerely,

Janet Paratore
Claims Assistant
jparatore@jimcor.com
Phone: 201-573-8200 Ext:1180
Fax :    201-573-8820

                                                                                    Claim Number: 080630-002

Jimcor announces a  NEW Homeowner's Enhancement Program!  Talk to your Personal Lines Underwriter
today about this exciting new program and ask how you can provide your client with     *Silver, Gold* and *Platinum
Homeowner Policies*!

Exhibit G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CEBASTIAN SICHIQUI and SONIA SINCHE
his wife, Per Quod

                                 Civil Action No.:
                                 08-CV00339

                 Plaintiffs,

     -against-

                                  **ANSWER**

202 GRANDVIEW ESTATES, LLC AND MOSHE
JUNGER d/b/a GRANDVIEW ESTATES, LLC.

                 Defendants.
-------------------------------------------------------------------X
      Defendants 202 GRANDVIEW ESTATES LLC AND MOSHE JUNGER d/b/a

GRANDVIEW ESTATES LLC, by their attorney, ABOULAFIA LAW FIRM LLC, as and for

their Response to Plaintiffs' Summons and Complaint dated January 2, 2008 alleges the

following upon information and belief:

      1) Defendants do not have knowledge or information sufficient to form a belief as to any

of the allegations contained in Paragraphs 1, 2, 16, 17, 17, 24, & 25.

      2) Defendants deny the allegations contained within Paragraphs 6, 7, 8, 9, 10, 11, 12, 13,

14, 15, 19, 20, 21, 22, 23, 26 & 27.

      3) Defendants admit the allegations contained within Paragraphs 3, 4, & 5.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

      4) Defendants had a hold harmless provision for indemnification in its contract with

Masters, who is the party who hired the Plaintiff's employer, and that it is Masters, who is not a

named Defendant to this action, that is the party responsible for hiring the Plaintiff, supervising

the work ongoing at the premises and defending and indemnifying the named Defendants.

Defendant 202 GRANDVIEW was also named as an additional insured on Master's liability

insurance policy.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5) A portion of the work done on Defendant's property was unknowingly subcontracted out to Tadana, the Plaintiff's employer, and therefore Defendant was unaware of Plaintiff ever being on the Defendant's property.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6) Defendant did not live at the premises on the date of the loss and had no control over the work being done at the property.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7) Defendants did not create nor were aware of the defect that caused the alleged injuries to the Plaintiffs.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8) Any damages sustained by the Plaintiffs were caused by the culpable conduct of the Plaintiffs, including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of these answering Defendants. But if a verdict of judgment is awarded to the Plaintiffs, then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the Plaintiffs bears to the culpable conduct which caused the damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9) Plaintiffs have failed to state a cause of action upon which relief may be granted.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10) Plaintiffs have failed to join a necessary party to the instant action.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

11) Plaintiffs have lack of personal jurisdiction over the Defendants as service was improper.

Dated: July 22, 2008
New York, NY

Matthew S. Aboulafia, Esq. (MA-7873)
Aboulafia Law Firm LLC
Attorney for Defendants
60 East 42nd Street, Suite 2231
New York, NY 10165
(212) 684-1422

TO:    Richard M. Winograd, Esq.
Ginarte, O'Dwyer Gonzalez & Winograd LLP
Attorneys for Plaintiffs
225 Broadway, 13th Floor
New York, NY 10007
(212)601-9700

3

Docket # 08-CV-00339

UNITED STATES DISTRICT COURT
SOUTHREN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------
CEBASTIA SICHIQUI AND SONIA SINCHE,
His wife, PER QUOD

                        Plaintiffs,

                        -against-

202 GRANDVIEW ESTATES, LLC AND MOSHE
JUNGER d/b/a 202 GRANDVIEW ESTATES LLC,

                        Defendants.
-------------------------------------------------------------------------------

NOTICE OF MOTION, AFFIRMATION, AFFIDAVIT and EXHIBIT
-------------------------------------------------------------------------------

ABOULAFIA LAW FIRM LLC
LINCOLN BUILDING
60 East 42nd Street, Suite 2231
New York, New York 10165
Telephone: (212) 684-1422
Facsimile: (212) 684-1428
-------------------------------------------------------------------------------

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice*

*in the courts of New York State, certifies that, upon information and belief and*

*reasonable inquiry, the contentions contained in the annexed document are not*

*frivolous.*

Dated:  July 22, 2008  Signature: _____

              Name:        Matthew S. Aboulafia