UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CEBASTIAN SICHIQUI and SONIA SINCHE
his wife, Per Quod

                                         Civil Action No.:
                                         08-CV00339

                         Plaintiffs,

       -against-

                                         **NOTICE OF MOTION**

202 GRANDVIEW ESTATES, LLC AND MOSHE
JUNGER d/b/a GRANDVIEW ESTATES, LLC.

                         Defendants.
-------------------------------------------------------------------X

        PLEASE TAKE NOTICE that upon the annexed affirmation of Matthew S. Aboulafia

dated July 22, 2008, the undersigned will move this Court at the United States District Court,

Southern District of New York, Daniel Patrick Moynihan United States Courthouse located at

500 Pearl Street, Room 1920, New York, New York 10007 on the 13th day of August 2008 at

noon of that day, or as soon thereafter as counsel can be heard, for an order to vacate the Default

Judgment pursuant to FRCP §60(b) and allow the Defendants to interpose an answer, and for

such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 22, 2008

                              Yours, etc.,

                              Matthew S. Aboulafia, Esq.
                              ABOULAFIA LAW FIRM LLC
                              Attorney for Defendant
                              60 East 42nd Street, Suite 2231
                              New York, NY 10165
                              (212) 684-1422

Exhibit A

# BARGAIN AND SALE DEED WITH COVENANT AGAINST GRANTOR'S ACTS (INDIVIDUAL OR CORPORATION)

## STANDARD NYBTU FORM 8007

CAUTION: THIS AGREEMENT SHOULD BE PREPARED BY AN ATTORNEY AND REVIEWED BY ATTORNEYS FOR SELLER AND PURCHASER BEFORE SIGNING.

*THIS INDENTURE*, made the 21st day of June, two thousand and five, **between**

**Ernst Vincent Bruno**, 201 a/k/a 202 Grandview Avenue, Monsey, NY 10952

, party of the first part, and

**202 Grandview Estates LLC**, a New York Limited Liability Company with offices located at 199 Lee Avenue, Suite 287, Brooklyn, New York 11211

, party of the second part,

*WITNESSETH*, that the party of the first part, in consideration of Ten ($10.00) dollars, lawful money of the United States, paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

*ALL* that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

### SEE SCHEDULE "A" ANNEXED HERETO AND MADE A PART HEREOF.

*TOGETHER* with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof,

*TOGETHER* with the appurtenances and all the estate and rights of the party of the first part in and to said premises,

*TO HAVE AND TO HOLD* the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

*AND* the party of the first part, covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

*AND* the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

*IN WITNESS WHEREOF*, the party of the first part has duly executed this deed the day and year first above written.

*IN PRESENCE OF*:

_Ernst Vincent Bruno_
Seller – Ernst Vincent Bruno

Acknowledgment by a Person Within New York State (RPL § 309-a)

STATE OF NEW YORK    )
                                       ) ss.:
COUNTY OF ROCKLAND    )

On the 21st day of JUNE in the year 2005 before me, the undersigned, personally appeared, **Ernst Vincent Bruno**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Notary Public

HARVEY L. BARNETT
Notary Public, State of New York
01BA4808255
Qualified in Queens County
Commission Expires June 30, 2006

**Section:** 41.13

**Block:** 2

**Lot:** 9

RWL050383

Record and Return to:    202 Grandview Estates LLC

199 Lee Ave # 287

Brooklyn, NY    11211

Rockwell Abstract, LLC
Issued on behalf of
*Stewart Title Insurance Company*

Title No.: *RWL050383*

## SCHEDULE A

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Ramapo, County of Rockland and State of New York, bounded and described as follows:

BEGINNING at a point in the southerly line of Grandview Avenue located the following 2 courses and distances from the point of intersection of the center line of Willow Tree Road and Grandview Avenue;

a) along the center line of Grandview Avenue South 73 degrees 42 minutes 50 seconds East 423.18 feet and

b) South 19 degrees 37 minutes 30 seconds West 20.44 feet;

THENCE from said beginning point along lands now or formerly of Trieb South 19 degrees 37 minutes 30 seconds West 482.96 feet to an iron pipe;

THENCE still along said lands now or formerly of Trieb South 10 degrees 51 minutes 40 seconds West 40.02 feet;

THENCE along lands conveyed by William W. Weiss and wife to William P. Seligman by deed recorded in the Rockland County Clerk's Office on June 27, 1960 in Liber 717 of Deeds page 562 the following two courses (1) North 71 degrees 01 minutes 30 seconds West 175.86 feet and (2) North 18 degrees 58 minutes 30 seconds East 514.30 feet to the southerly line of Grandview Avenue;

THENCE along the southerly line of Grandview Avenue South 73 degrees 42 minutes 50 seconds East 175.86 feet to the point or place of BEGINNING.

FOR INFORMATION ONLY:
Said premises is known as 201 Grandview Avenue
a/k/a 202 Grandview Avenue, Monsey, New York.

Also known as Section 41.13, Block 2, Lot 9 in Rockland County.

**Ed Gorman, County Clerk**
1 South Main St Ste 100
New City, NY  10956
(845) 638-5221

# Rockland County Clerk Recording Cover Sheet

Received From :
ROCKWELL ABSTRACT
39 WEST 37TH STREET
NEW YORK, NY  10018

Return To :
202 GRANDVIEW ESTATES LLC
199 LEE AVE #287
BROOKLYN NY 11211

**First GRANTOR**

BRUNO, ERNST V

**First GRANTEE**

202 GRANDVIEW ESTATES LLC

Index Type : Land Records

## Instr Number : 2005-00034833

Book :            Page :

Type of Instrument : Deed
Type of Transaction : Deed

Recording Fee :            $120.00

Recording Pages :            4

The Property affected by this instrument is situated in Ramapo, in the County of Rockland, New York

| Real Estate Transfer Tax | |
|---|---|
| RETT # : | 6940 |
| Deed Amount : | $785,000.00 |
| RETT Amount : | $3,140.00 |
| Total Fees : | $3,260.00 |

State of New York

County of Rockland

I hereby certify that the within and foregoing was recorded in the Clerk's office for Rockland County, New York

On (Recorded Date) : 06/28/2005

At (Recorded Time) :  8:05:59 AM

Doc ID - 013143680004

*Edward Gorman*

Ed Gorman, County Clerk

This sheet constitutes the Clerks endorsement required by Section 319 of Real Property Law of the State of New York

Entered By: PLP  Printed On : 07/06/2005    At :  8:07:37AM

Exhibit B

# 202 Grandview Estates

## <u>Sub-Contractor Agreement</u>

Sub-Contarctor Name _Master Roofing & Siding, Inc._
Sub- Contractor Address _25 Robert Pitt Dr._
_Suite 212, Monsey, N.Y. 10952_

This agreement is being entered into all by indicated parties for any and all work done for, with, or on behalf of 202 Grandview Estates LLC ("Owner") at 202 Grandview Ave, Monsey, NY ("the Property") for the period starting _4/19/2007_ and running until completion of contractual obligations.

This agreement is being provided for 202 Grandview Estates LLC as Owner and Contractor in full agreement to the insuring and hold harmless conditions outlined below, and pertains to all work performed during this indicated period of time whether via written or verbal arrangements.

Prior to commencement of any work under this contract and until completion and final acceptance of the work, the Sub-Contractor shall, at its sole expense, maintain the following insurance on its own behalf, and 202 Grandview Estates LLC certificates of insurance evidencing same and reflecting the effective date of such coverage as follows:

A. Worker's Compensation and Occupational Disease Insurance in accordance with the applicable law or laws; Employer's Liability Insurance. This includes sole proprietorships and officers of corporations who will be performing work on the job.

B. Commercial General Liability with a combined bodily injury and Property Damage limit of not less than <u>ONE</u> Million ($1,000,000.00) Dollars per occurrence and <u>TWO</u> Million ($2,000,000.00) Dollars in the aggregate. The aggregate must be applicable on a per annual basis. Coverage must include the following perils:

    1. Completed Operations/Products Liability

    2. Independent Contractors

    3. Coverage is to be provided on an "occurrence" basis with carriers licensed and admitted to do business in the State of New York or otherwise acceptable to the Owner 202 Grandview Estates LLC

    4. A copy of policy and / or endorsement(s) and any other documents required to verify such insurance are to be submitted with the appropriate certificate(s), or upon the request of 202 Grandview

Estates LLC To provide these documents is not to be construed as a waiver of the requirements to provide such insurance.

C.  The amount of insurance contained in aforementioned insurance coverage shall not be construed to be a limitation of the liability on the part of the Contractor or any of its Subcontractors.

D.  The carrying of the insurance described shall in no way be interpreted as relieving the Contractor of any responsibility of liability under this Contract.

E.  Should the Sub-Contractor engage another Sub-contractor, the same conditions will apply under this contract to each Sub-contractor, however the retained Subcontractor shall be required to maintain limits of liability of not less than One Million ($1,000,000.00) Dollars per occurrence and Two Million (2,000,000.00) Dollars in the aggregate, with said limits applicable on a per annual basis, or such greater limits as may be requested by the retaining Contractor:

Hold Harmless:

To the fullest extent permitted by law, Contractor agrees to defend, pay on behalf of and hold harmless 202 Grandview Estates LLC and its shareholders, directors, officers, agents, employees, and representatives from all claims of whatsoever nature or kind, including those brought by employees of Sub-Contractor, its employees, agents and subcontractors, and against any and all claims, suits, liens, judgments, damages, losses and expenses, including legal fees and all court costs and liability (including statutory liability) arising in whole or in part and in any manner from injury and/or death of person or damage to or loss of any property resulting from the acts, omission, breach or default of Contractor, its officers, directors, agents employees and subcontractors, in connection with the performance of any work by or for Owner and/or Contractor pursuant to any contract Purchase Order and or related Proceed Order, except those claims, suits, liens, judgments, damages, losses and expenses caused by the negligence of 202 Grandview Estates LLC and its shareholders, directors, officers, agents, employees and representatives, arising in whole or in part out of any such acts, omissions, breach or default. The foregoing indemnity shall include injury or death of any employee of the Owner or Contractor and shall not be limited in any way by and amount of type of damage, compensation, disability benefits or other similar employees benefit act.

The Sub-Contractor hereby expressly permits the Owner to pursue and assert claims against the Sub-Contractor for indemnity, contribution and common law negligence arising out of claims for damages for death and personal injury.

All the work done by the Sub-Contractor shall be performed with N.Y.C. Building Department and OSHA Codes.

Any Fines for Contractor's wrongdoing from this date until finish date is Contractor's responsibility only.

_____     Signature
_4/19/2007_                 Print name and title
                            Date

# Invoice

Master Roofing & Siding Inc.
25 Robert Pitt Drive
Suite 212
Monsey N Y 10952
Fax: (845)425-1664

## MASTER ROOFING & SIDING
## TEL: (845) 425-1619

| Date | Invoice # |
|------|-----------|
| 4/19/2007 | 917 |

| Bill To | Job Location |
|---------|--------------|
| Moishy Ungar | New House on Grandview |

| Qty | Item | Description | Price | Total |
|-----|------|-------------|-------|-------|
| | Felt Paper | Cover all open plywood with 15lb felt paper | | |
| | Ice & water shi... | Install on all edges and valleys of roof | | |
| | Copper Roof | Install copper on top and bottom of window | | |
| | Shingles | Install Certainteed Shingles with a 50-year warranty; green | | |
| | Flashing | Install flashing on all places needed with copper | | |
| | Ridge vent | Install ridge vent with t-text cap on peak of roof | | |
| | Tyvek Paper | Wrap around house with tyvek paper | | |
| | Building Cost | | 38800.00 | 38,800.00 |

| | |
|---|---|
| Total | $38,800.00 |
| Payments/Credits | $0.00 |
| Balance Due | $38,800.00 |

Sep 11 2007 4:44PM    HP LASERJET FAX
09/11/2007  16:33    7184366111    INSURE SECURE INC    PAGE 01/01

# ACORD™ CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY)
3/11/2007

| PRODUCER | |
|---|---|
| INSURE SECURE, INC | 718-436-5111 |
| 4702-13TH AVE | |
| BROOKLYN, NY        11219 | |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

| INSURED | INSURERS AFFORDING COVERAGE | NAIC # |
|---|---|---|
| MASTER ROOFING & SIDING, INC. | INSURER A: SCOTTSDALE INSURANCE CO. | |
| 3 DEBORAH ROAD | INSURER B: | |
| MONSEY, NY 10952 | INSURER C: | |
| | INSURER D: | |
| | INSURER E: | |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | X | GENERAL LIABILITY | CLS 1323800 | 11/04/2006 | 11/04/2007 | EACH OCCURRENCE | 1,000,000 |
| | | X  COMMERCIAL GENERAL LIABILITY | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | 50,000 |
| | | CLAIMS MADE  X  OCCUR | | | | MED EXP (Any one person) | |
| | | | | | | PERSONAL & ADV INJURY | 1,000,000 |
| | | | | | | GENERAL AGGREGATE | 2,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | PRODUCTS - COMP/OP AGG | 1000000 |
| | | POLICY   PRO-JECT   LOC | | | | | |
| | | AUTOMOBILE LIABILITY | | | | COMBINED SINGLE LIMIT (Ea accident) | |
| | | ANY AUTO | | | | | |
| | | ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | |
| | | SCHEDULED AUTOS | | | | BODILY INJURY (Per accident) | |
| | | HIRED AUTOS | | | | | |
| | | NON-OWNED AUTOS | | | | PROPERTY DAMAGE (Per accident) | |
| | | GARAGE LIABILITY | | | | AUTO ONLY - EA ACCIDENT | |
| | | ANY AUTO | | | | OTHER THAN  EA ACC | |
| | | | | | | AUTO ONLY:  AGG | |
| | | EXCESS/UMBRELLA LIABILITY | | | | EACH OCCURRENCE | |
| | | OCCUR  CLAIMS MADE | | | | AGGREGATE | |
| | | DEDUCTIBLE | | | | | |
| | | RETENTION  $ | | | | | |
| | | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY | | | | WC STATU-TORY LIMITS   OTH-ER | |
| | | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? | | | | E.L. EACH ACCIDENT | |
| | | If yes, describe under SPECIAL PROVISIONS below | | | | E.L. DISEASE - EA EMPLOYEE | |
| | | OTHER | | | | E.L. DISEASE - POLICY LIMIT | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS
CERTIFICATE HOLDER LISTED AS ADDITIONAL INSURED WITH RESPECT TO WORK BEING DONE BY THE INSURED

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| 202 GRANDVIEW ESTATES, LLC | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL  30  DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. |
| 199 LEE AVENUE | |
| BROOKLYN, NY 11211 | AUTHORIZED REPRESENTATIVE |

ACORD 25 (2001/08)                                                      © ACORD CORPORATION 1988

Exhibit C

**ACORD**™ **CERTIFICATE OF LIABILITY INSURANCE**

DATE (MM/DD/YYYY)
6/12/2007

| PRODUCER | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |
|---|---|

OMEGA INSURANCE AGENCY          908-355-8765
623 Westfield Avenue
Elizabeth , NJ          07208

| | INSURERS AFFORDING COVERAGE | NAIC # |
|---|---|---|
| INSURED | INSURER A: RUTGERS CASUALTY INS. CO. | 889 |
| TADANA CONSTRUCTION LLC | INSURER B: | |
| GENARO CHICA | INSURER C: | |
| 428 UNION AVENUE | INSURER D: | |
| ELIZABETH, NJ 07208 | INSURER E: | |

**COVERAGES**

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| | X | **GENERAL LIABILITY** | CPP290292410 | 10/18/2006 | 10/18/2007 | EACH OCCURRENCE | $ 1,000,000 |
| | | COMMERCIAL GENERAL LIABILITY | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 100,000 |
| | | CLAIMS MADE ☐ OCCUR | | | | MED EXP (Any one person) | $ 5000 |
| | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | PRODUCTS - COMP/OP AGG | $ 1,000,000 |
| | | ☐ POLICY ☐ PRO-JECT ☐ LOC | | | | | |
| | | **AUTOMOBILE LIABILITY** | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | ANY AUTO | | | | | |
| | | ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | $ |
| | | SCHEDULED AUTOS | | | | | |
| | | HIRED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| | | NON-OWNED AUTOS | | | | | |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | **GARAGE LIABILITY** | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | ANY AUTO | | | | OTHER THAN EA ACC | $ |
| | | | | | | AUTO ONLY: AGG | $ |
| | | **EXCESS/UMBRELLA LIABILITY** | | | | EACH OCCURRENCE | $ |
| | | ☐ OCCUR ☐ CLAIMS MADE | | | | AGGREGATE | $ |
| | | | | | | | $ |
| | | ☐ DEDUCTIBLE | | | | | $ |
| | | ☐ RETENTION $ | | | | | $ |
| | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** | | | | WC STATU-TORY LIMITS ☐ OTH-ER ☐ | |
| | | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? | | | | E.L. EACH ACCIDENT | $ |
| | | If yes, describe under SPECIAL PROVISIONS below | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | **OTHER** | | | | E.L. DISEASE - POLICY LIMIT | $ |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS
THE CERTIFICATE HOLDER NAMED BELOW IS NAMED AS ADDITIONAL INSURED

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| MASTER ROOFIND AND SIDING 25 ROBERT PITT DRIVE SUITE 210 MONSEY NY 10952 845-425-1664 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL 10 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. |
| | AUTHORIZED REPRESENTATIVE *Gloria A Cardenas* |

ACORD 25 (2001/08)                                                © ACORD CORPORATION 1988

Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

CEBASTIAN SICHIQUI AND SONIA SINCHE,
his wife, PER QUOD,

               Plaintiffs,

                       Docket # 08-CV-00339

    -against-

202 GRANDVIEW ESTATES, LLC AND MOSHE    **NOTICE OF ENTRY**
JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC,

              Defendants..

----------------------------------------------------------X

        PLEASE TAKE NOTICE, that the within is a (certified) true copy of a DEFAULT

JUDGMENT duly signed by Judge Robert W. Sweet of the U.S.D.C, Southern District of New York,

on the 23rd day of April, 2008 and the Clerk's Certificate filed on April 22, 2008 in the office of the

Judgment Clerk of the Court.

Dated: New York, New York
      May 19, 2008

                       GINARTE, O'DWYER GONZALEZ & WINOGRAD, LLP

                       Gary R. Nevins, Esq. (GN5998)
                       Attorneys for Plaintiffs
                       225 Broadway, 13th Floor
                       New York, New York 10007
                       (212) 601-9700

To:

202 Grandview Estates, LLC
199 Lee Avenue, Suite 287
Brooklyn, New York 11211

Moshe Junger d/b/a 202 Grandview Estates, LLC
199 Lee Avenue, Suite 287
Brooklyn, New York 11211

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x     08 Civ. 00339 (Rws)
CEBASTIAN SICHIQUI AND SONIA SINCHE,
his wife, PER QUOD,

                              Plaintiff,

          - against -

202 GRANDVIEW ESTATES, LLC and MOSHE
JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC,

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**DEFAULT JUDGMENT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/24/08

This action having been commenced on January 15, 2008 by the filing of the Summons and

Complaint, and a copy of the Summons and Complaint having been served on the defendants, 202

GRANDVIEW ESTATES, LLC and MOSHE JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC,

on January 30, 2008 by Secretary of State and a proof of service having been filed on February 12,

2008 and the defendant not having answered the Complaint, and the time for answering the

Complaint having expired, it is

     ORDERED, ADJUDGED AND DECREED: That the plaintiff have judgment against

defendant in the liquidated amount of $5,000,000.00 plus costs and disbursements of this action in

the amount of $679.33 amounting in all to $5,000,679.33.

Dated: New York, New York
       4-23-08

                                        _____
                                                    U.S.D.J.

                              This document was entered on the docket
                              on _____.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x     08 Civ. 00339
CEBASTIAN SICHIQUI AND SONIA SINCHE,
his wife, PER QUOD,

    - against -                     **CLERK'S CERTIFICATE**

202 GRANDVIEW ESTATES, LLC and MOSHE
JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC,

                      Defendant.        APR 2 2 2008
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern

District of New York, do hereby certify that this action commenced on January 15, 2008 with the

filing of a summons and complaint, a copy of the summons and complaint was served on defendants

by serving 202 GRANDVIEW ESTATES, LLC and MOSHE JUNGER d/b/a 202 GRANDVIEW

ESTATES, LLC, on January 30, 2008 by Secretary of State and a proof of such service thereof was

filed on February 12, 2008.

    I further certify that the docket entries indicate that the defendants have not filed an

answer or otherwise moved with respect to the complaint herein. The default of the defendant is

hereby noted.

Dated: New York, New York
      April 9, 2008

                              **J. MICHAEL MCMAHON**
                              Clerk of the Court

                              By:_____
                                Deputy Clerk

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK  )

ANA E. COLON, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Bronx County, New York.

On May 20, 2008 deponent served a copy of the within **NOTICE OF ENTRY** upon the following parties and/or attorneys for the parties shown below by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department.

## ADDRESSES

Via CMRRR:  7007 0710 0005 6021 9326
202 Grandview Estates, LLC
199 Lee Avenue, Suite 287
Brooklyn, New York 11211

Via CMRRR:  7007 0710 0005 6021 9319
Moshe Junger d/b/a 202 Grandview Estates, LLC
199 Lee Avenue, Suite 287
Brooklyn, New York 11211

Via CMRRR:  7007 0710 0005 6021 8350
Moshe Junger
725 East 5th Street
Brooklyn, New York 11218

_____
ANA E. COLON

Sworn to before me this
20th day of May, 2008

_____
Notary Public

SHIRLEY MEDINA
Notary Public State of New York
Nº 01ME6157896
Qualified in Kings County
Commission Expires Dec 11 2010

DOC #_____

CV 0039

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CEBASTIAN SICHIQUI and SONIA SINCHE,
his wife, Per Quod

                                    Plaintiffs,

        -against-

202 GRANDVIEW ESTATES, LLC and MOSHE
JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC

                                    Defendants.
-------------------------------------------------------------X

Trial by Jury Demanded

**COMPLAINT**

Plaintiffs, complaining of the defendants, by their attorneys, **Ginarte, O'Dwyer Gonzalez & Winograd, LLP**, upon information and belief, at all times herein mentioned, allege as follows:

## AS AND FOR A FIRST CLAIM FOR RELIEF

1.      The plaintiffs are residents of the State of New Jersey, being domiciled at 27 Chilton Street, Elizabeth, New Jersey.

2.      Jurisdiction herein is based upon 28 U.S.C.§1332, diversity of citizenship and that the matter in controversy exceeds the sum of $75,000.

3.      The defendant, **202 GRANDVIEW ESTATES, LLC**, herein was and is still a domestic corporation organized and existing under the laws of the State of New York.

4.      The defendant, **202 GRANDVIEW ESTATES, LLC**, maintained a principal place of business at 199 Lee Avenue, Suite 287, Brooklyn, New York, County of Kings, within the State of New York.

5.      The defendant, **202 GRANDVIEW ESTATES, LLC**, was the owner of premises located at 202 Grandview Avenue, Town of Monsey, County of Rockland and State of New York (hereinafter "the Premises").

6.    The defendant, **MOSHE JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC,** herein was and is still a domestic corporation organized and existing under the laws of the State of New York.

7.    The defendant, **MOSHE JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC,** maintained a principal place of business at 199 Lee Avenue, Suite 287, Brooklyn, New York, County of Kings, within the State of New York.

8.    The defendant, **MOSHE JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC,** was the owner of premises located at 202 Grandview Avenue, Town of Monsey, County of Rockland and State of New York (hereinafter "the Premises").

9.    The defendant **MOSHE JUNGER D/B/A 202 GRANDVIEW ESTATES, LLC** was involved with a construction project at the subject premises on July 25, 2007.

10.    The defendant **202 GRANDVIEW ESTATES LLC** was a contractor involved with a construction project at the premises on or about July 25, 2007.

11.    The defendant, **MOSHE JUNGER D/B/A 202 GRANDVIEW ESTATES, LLC** managed the aforementioned construction project and/or premises.

12.    The defendant, **MOSHE JUNGER D/B/A 202 GRANDVIEW ESTATES, LLC** controlled aforementioned construction project and/or premises.

13.    The defendant, **202 GRANDVIEW ESTATES LLC**, managed the aforementioned construction project and/or premises.

14.    The defendant, **202 GRANDVIEW ESTATES LLC**, controlled the aforementioned construction project and/or premises.

15.    Sometime prior to the occurrence complained of, the defendants, **202 GRANDVIEW ESTATES LLC and MOSHE JUNGER D/B/A 202 GRANDVIEW ESTATES,**

LLC contracted with Tadana Construction, to erect, demolish, renovate, repair, alter, alter, paint, clean, excavate, construct and/or maintain the aforementioned construction project and/or premises.

16.    On July 25, 2007, the plaintiff, **CEBASTIAN SICHIQUI** was an employee of Tadana Construction.

17.    On July 25, 2007, the plaintiff, **CEBASTIAN SICHIQUI** was lawfully at the aforementioned construction project and/or premises and was in the course of his employment with Tadana Construction in connection with the erection, demolition, repairing, altering, painting, cleaning, renovation, excavation, construction and/or maintenance of the aforementioned premises.

18.    On July 25, 2007, the plaintiff, **CEBASTIAN SICHIQUI** while engaged in the above described employment was cause to fall and suffer severe and permanent personal injuries.

19.    The aforesaid occurrence and consequential injuries were due solely and occasioned by the wanton, reckless, malicious and negligent acts of the defendants , with utter disregard of the result upon the rights and safety of the plaintiff, either alone or in conjunction with its agents, servants and/or employees, and without any negligence on the part of the plaintiff contributing thereto; in failing to advise the plaintiff of the dangerous condition then and there existing; in failing to provide the plaintiff with proper safety equipment; in permitting, allowing and causing the plaintiff to work under dangerous and unsafe conditions; in failing to insure that the work area be so constructed, shored, equipped, guarded, arranged, operated and conducted so as to provide reasonable and adequate protection and safety to the persons employed thereon as mandated by the United States and the New York State Administrative enactments and statutes.

20.    The above described occurrence was caused by the defendants' violation of Section 200 of the Labor Law of the State of New York.

21.    The above described occurrence was caused by the defendants' violation of Section

240 of the Labor Law of the State of New York.

22.    The above described occurrence was caused by the defendants' violation of Section 241 of the Labor Law of the State of New York, and more particularly, Subsection (6) thereof.

23.    By reason of the foregoing, the plaintiff, **CEBASTIAN SICHIQUI** has been damaged in an amount not exceeding **FIVE MILLION DOLLARS ($5,000,000.00).**

## AS AND FOR A SECOND CLAIM FOR RELIEF

24.    Plaintiffs reiterate and reallege each and every allegation contained in paragraphs "1" through "18" as if completely set forth herein

25.    Plaintiff, **SONIA SINCHE**, was, at the time of the incident complained of, and is the wife of the Plaintiff, **CEBASTIAN SICHIQUI**.

26.    As the result of the Defendants' negligence she was denied, the companionship, society and consortium of her husband, the Plaintiff, **CEBASTIAN SICHIQUI**.

27.    By reason of the foregoing, the Plaintiff, **SONIA SINCHE**, has been damaged in the amount of **ONE MILLION DOLLARS ($1,000,000.00)**

**WHEREFORE**, Plaintiff demands judgment in an amount to be determined by this Court at a time to be determined by this Court in an amount which is beyond the jurisdictional capacity of all lower Courts which would otherwise have jurisdiction over this matter.

Dated: New York, New York
         January 2, 2008

                                    YOURS, ETC.,

                                    _____
                                    **RICHARD M. WINOGRAD**(RW6911)
                                    GINARTE, O'DWYER GONZALEZ & WINOGRAD LLP
                                    Attorneys for Plaintiff(s)
                                    305 Broadway, Suite 800
                                    New York, New York 10007
                                    212-267-4185

Exhibit E



**UNITED** RISK MANAGEMENT INC.

*INSURANCE PROFESSIONALS*

May 29, 2008

**Scottsdale Insurance Company-Via Fax: 480-483-6752**
**Attn: New Loss Department**

**RE: You're Insured: Master Roofing & Siding Inc.**
**Policy# CLS1323800**
**D/O/L: 7/27/07**
**Location of Occurrence: 202 Grandview Avenue, Monsey, NY**
**Our Insured: 202 Grandview Estates, LLC**

Dear Sir or Madam,

Please be advised that my above captioned insured contracted your above insured to do roofing work at the above location.

It came to our attention that an employee of your insured's subcontractor was hurt on the premises.

Enclosed please find a certificate of insurance naming our insured as additional insured along with a hold/harmless indemnification agreement.

My insured demands that you defend and indemnify them per the latter.

Should you have any questions please feel free to call myself or the insured Moshe Junger @718-403-0900.

Sincerely,

Mindy Sofer

CC: Mark Junger

Please note, that the summons was served upon the Secretary of State and neither our insured nor according to master roofing did they receive a notice of this claim up until now.

Exhibit F



SCOTTSDALE INSURANCE COMPANY®

June 6, 2008

Untied Risk Management, Inc.
Attn: Barry
134-136 Broadway, Suite 407
Brooklyn, NY 11211

RE:  Your Insured:           202 Grandview Estates, LLC.
     Our Insured:            Master Roofing and Siding, Inc.
     Date of Loss:           7/27/07
     Location of Occurrence:  202 Grandview Avenue, Monsey, New York
     Claim No.:              1123989-173

Dear Barry:

This is in response to your demand for indemnification and defense on behalf of your insured
202 Grandview Estates, LLC. . We notice that the Certificate of Insurance that you sent to us is
dated September 11, 2007, which is after the date of loss of July 27, 2007. Therefore, they are
not an additional insured under our policy nor do we have a Blanket Additional Insured
Endorsement. We have hired an investigator to look into this matter to see if we have a duty to
defend and/or indemnify your insured.

Once we are in a position to make this assessment, we will respond to your tender in a timely
manner.

Should you have any questions in regard to this matter, please do not hesitate to contact the
undersigned.

Sincerely,

David W. Fisher
Claim Analyst
Extension 2746

DWF/gvp/GVP/S41857



Exhibit G

### FASCIMILLE TRANSMISSION

### UNITED RISK MANAGE MENT
**134-136 Broadway Suite 407**
**BROOKLYN, N.Y. 11211**
**TEL. (718) 387-3031, Ext 205-FAX (718) 387-3070**

**Date: June 26, 2008**

**To: Jimcor**

**Att: Claims Department**

**Fax: 201-573-8820**

**From: Mindy**

**Re: 202 Grandview Estates**
**Policy# 3CW-5349**

**TOTAL NUMBER OF PAGES 10 (INCLUDING THIS PAGE)**

*Attached please find a claim received for the above captioned policy.*

*Kindly forward confirmation of receipt ASAP.*

*If you have any questions please feel free to contact us.*
*Thank You.*

```
TRANSMISSION VERIFICATION REPORT
```

```
                              TIME  : 06/26/2008 15:51
                              NAME  :
                              FAX   :
                              TEL   :
                              SER.# : 000M6J397025
```

```
DATE,TIME             06/26  15:48
FAX NO./NAME          12015738820
DURATION              00:02:46
PAGE(S)               10
RESULT                OK
MODE                  STANDARD
                      ECM
```

## FASCIMILLE TRANSMISSION

### UNITED RISK MANAGE MENT
#### 134-136 Broadway Suite 407
#### BROOKLYN, N.Y. 11211
#### TEL. (718) 387-3031, Ext 205-FAX (718) 387-3070

Date: June 26, 2008

To:  Jimcor

Att: Claims Department

Fax: 201-573-8820

From: Mindy

Re: 202 Grandview Estates
Policy# 3CW-5349

### TOTAL NUMBER OF PAGES 10 (INCLUDING THIS PAGE)

# ACORD® GENERAL LIABILITY NOTICE OF OCCURRENCE / CLAIM

**DATE (MM/DD/YYYY)** 6/26/2008

| AGENCY | PHONE (A/C, No, Ext): | **(718) 387-3031** |
|---|---|---|

UNITED RISK MANAGEMENT INC
134 Broadway #407-408
Brooklyn, NY 11211

| | | |
|---|---|---|
| X | NOTICE OF OCCURRENCE / NOTICE OF CLAIM | |

**DATE OF OCCURRENCE AND TIME** 7/25/07  AM / PM

**DATE OF CLAIM**

**PREVIOUSLY REPORTED** YES  NO

**EFFECTIVE DATE** 3/01/07   **EXPIRATION DATE** 3/01/08

**POLICY TYPE** OCCURRENCE  CLAIMS MADE

**RETROACTIVE DATE**

**FAX (A/C, No):** (718) 387-3070
**E-MAIL ADDRESS:** unrm@aol.com

**COMPANY**
Essex Insurance Company

**NAIC CODE:**

**MISCELLANEOUS INFO (Site & location code)**

| CODE: | SUB CODE: |
|---|---|

**POLICY NUMBER** 3CW-5349

**REFERENCE NUMBER**

**AGENCY CUSTOMER ID:**

## INSURED

**NAME AND ADDRESS**
202 Grandview Estates LLC

199 Lee Avenue, P.M.B. 287
Brooklyn, NY 11211

**SOC SEC # OR FEIN:**

## CONTACT

**CONTACT INSURED**

**NAME AND ADDRESS**

**WHERE TO CONTACT**

| **RESIDENCE PHONE (A/C, No)** | **BUSINESS PHONE (A/C, No, Ext)** 718-403-0900 |
|---|---|

**CELL PHONE (A/C, No)**     **E-MAIL ADDRESS**

**RESIDENCE PHONE (A/C, No)**     **BUSINESS PHONE (A/C, No, Ext)**

**CELL PHONE (A/C, No)**     **E-MAIL ADDRESS**

**WHEN TO CONTACT**

## OCCURRENCE

**LOCATION OF OCCURRENCE (Include city & state)**   Please see the attached.

**AUTHORITY CONTACTED**

**DESCRIPTION OF OCCURRENCE (Use separate sheet, if necessary)**   Please see the attached.

## POLICY INFORMATION

**COVERAGE PART OR FORMS (Insert form #s and edition dates)**

| GENERAL AGGREGATE | PROD/COMP OP AGG | PERS & ADV INJ | EACH OCCURRENCE | FIRE DAMAGE | MEDICAL EXPENSE | DEDUCTIBLE | PD |
|---|---|---|---|---|---|---|---|
| | | | | | | | BI |

| UMBRELLA/ EXCESS | UMBRELLA | EXCESS | CARRIER: | | LIMITS: | AGGR | PER CLAIM/OCC | SIR/ DED |
|---|---|---|---|---|---|---|---|---|

## TYPE OF LIABILITY

**PREMISES: INSURED IS**  OWNER  TENANT  OTHER:

**OWNER'S NAME & ADDRESS (If not Insured)**

**TYPE OF PREMISES**

**OWNER'S PHONE (A/C, No, Ext):**

**PRODUCTS: INSURED IS**  MANUFACTURER  VENDOR  OTHER:

**MANUFACTURER'S NAME & ADDRESS (If not insured)**

**TYPE OF PRODUCT**

**WHERE CAN PRODUCT BE SEEN?**

**MANUFACT PHONE (A/C, No, Ext):**

**OTHER LIABILITY INCLUDING COMPLETED OPERATIONS (Explain)**

## INJURED/PROPERTY DAMAGED

**NAME & ADDRESS (Injured/Owner)**

**PHONE (A/C, No, Ext)**

| AGE | SEX | OCCUPATION | EMPLOYER'S NAME & ADDRESS | PHONE (A/C, No, Ext) |
|---|---|---|---|---|

**DESCRIBE INJURY**  FATALITY

**WHERE TAKEN**

**WHAT WAS INJURED DOING?**

**DESCRIBE PROPERTY (Type, model, etc.)**

**ESTIMATE AMOUNT**

**WHERE CAN PROPERTY BE SEEN?**

**WHEN CAN PROPERTY BE SEEN?**

## WITNESSES

| NAME & ADDRESS | BUSINESS PHONE (A/C, No, Ext) | RESIDENCE PHONE (A/C, No) |
|---|---|---|

**REMARKS**

| REPORTED BY | REPORTED TO | SIGNATURE OF INSURED | SIGNATURE OF PRODUCER |
|---|---|---|---|

ACORD 3 (2007/01)    Page 1 of 2    © ACORD CORPORATION 1986-2007. All rights reserved.
The ACORD name and logo are registered marks of ACORD

6/30/2008 04:47            Jimcor Agencies        Norman Wang →      1/1



# JIMCOR AGENCIES

**60 Craig Road**
**Montvale, NJ 07645**
**Phone: (201) 573-8200**
**Fax: (201) 573-8820**
**www.jimcor.com**

United Risk Management Inc.                                      Jun 30, 2008
134-136 Broadway Suite 404-407
Brooklyn, NY 11211

**Insured Name:**  202 Grandview Estates LLC
**Date of Loss:**     7/25/2007
**Policy Number:** 3CW-5349
**Policy Term:**    3/1/2007 to 3/1/2008
**Claim Number:** 080630-002

Dear Mindy,

We are in receipt of the incident regarding 202 Grandview Estates LLC, which was received in our office on 6/26/2008.

We have forwarded this claim onto Essex Insurance Company. To obtain your claim information, please contact Essex Insurance Company at (800) 963-7739.

Sincerely,

Janet Paratore
Claims Assistant
jparatore@jimcor.com
Phone: 201-573-8200 Ext:1180
Fax:   201-573-8820

Claim Number: 080630-002

Jimcor announces a **NEW Homeowner's Enhancement Program!** Talk to your Personal Lines Underwriter today about this exciting new program and ask how you can provide your client with *Silver, Gold* and *Platinum Homeowner Policies*!

Exhibit G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

CEBASTIAN SICHIQUI and SONIA SINCHE
his wife, Per Quod

                                     Civil Action No.:
                                     08-CV00339

                     Plaintiffs,

      -against-

                                    **ANSWER**

202 GRANDVIEW ESTATES, LLC AND MOSHE
JUNGER d/b/a GRANDVIEW ESTATES, LLC.

                     Defendants.
-----------------------------------------------------------------------X

     Defendants 202 GRANDVIEW ESTATES LLC AND MOSHE JUNGER d/b/a

GRANDVIEW ESTATES LLC, by their attorney, ABOULAFIA LAW FIRM LLC, as and for

their Response to Plaintiffs' Summons and Complaint dated January 2, 2008 alleges the

following upon information and belief:

     1) Defendants do not have knowledge or information sufficient to form a belief as to any

of the allegations contained in Paragraphs 1, 2, 16, 17, 17, 24, & 25.

     2) Defendants deny the allegations contained within Paragraphs 6, 7, 8, 9, 10, 11, 12, 13,

14, 15, 19, 20, 21, 22, 23, 26 & 27.

     3) Defendants admit the allegations contained within Paragraphs 3, 4, & 5.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

     4) Defendants had a hold harmless provision for indemnification in its contract with

Masters, who is the party who hired the Plaintiff's employer, and that it is Masters, who is not a

named Defendant to this action, that is the party responsible for hiring the Plaintiff, supervising

the work ongoing at the premises and defending and indemnifying the named Defendants.

Defendant 202 GRANDVIEW was also named as an additional insured on Master's liability

insurance policy.

1

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5) A portion of the work done on Defendant's property was unknowingly subcontracted out to Tadana, the Plaintiff's employer, and therefore Defendant was unaware of Plaintiff ever being on the Defendant's property.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6) Defendant did not live at the premises on the date of the loss and had no control over the work being done at the property.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7) Defendants did not create nor were aware of the defect that caused the alleged injuries to the Plaintiffs.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8) Any damages sustained by the Plaintiffs were caused by the culpable conduct of the Plaintiffs, including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of these answering Defendants. But if a verdict of judgment is awarded to the Plaintiffs, then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the Plaintiffs bears to the culpable conduct which caused the damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9) Plaintiffs have failed to state a cause of action upon which relief may be granted.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10) Plaintiffs have failed to join a necessary party to the instant action.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

11) Plaintiffs have lack of personal jurisdiction over the Defendants as service was improper.

Dated: July 22, 2008
      New York, NY


                                                Matthew S. Aboulafia, Esq. (MA-7873)
                                                Aboulafia Law Firm LLC
                                                Attorney for Defendants
                                                60 East 42nd Street, Suite 2231
                                                New York, NY 10165
                                                (212) 684-1422


TO:     Richard M. Winograd, Esq.
         Ginarte, O'Dwyer Gonzalez & Winograd LLP
         Attorneys for Plaintiffs
         225 Broadway, 13th Floor
         New York, NY 10007
         (212)601-9700

Docket # 08-CV-00339

UNITED STATES DISTRICT COURT
SOUTHREN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------------
CEBASTIA SICHIQUI AND SONIA SINCHE,
His wife, PER QUOD

Plaintiffs,

-against-

202 GRANDVIEW ESTATES, LLC AND MOSHE
JUNGER d/b/a 202 GRANDVIEW ESTATES LLC,

Defendants.
-------------------------------------------------------------------------------------------
NOTICE OF MOTION, AFFIRMATION, AFFIDAVIT and EXHIBIT
-------------------------------------------------------------------------------------------

ABOULAFIA LAW FIRM LLC
LINCOLN BUILDING
60 East 42nd Street, Suite 2231
New York, New York 10165
Telephone: (212) 684-1422
Facsimile: (212) 684-1428
-------------------------------------------------------------------------------------------

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice*

*in the courts of New York State, certifies that, upon information and belief and*

*reasonable inquiry, the contentions contained in the annexed document are not*

*frivolous.*

Dated: July 22, 2008   Signature: _____

Name:      Matthew S. Aboulafia