UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CEBASTIAN SICHIQUI and SONIA SINCHE
his wife, Per Quod

                            Plaintiffs,

    -against-

202 GRANDVIEW ESTATES, LLC AND MOSHE
JUNGER d/b/a GRANDVIEW ESTATES, LLC.

                            Defendants.
------------------------------------------------------------------X

Civil Action No.:
08-CV00339

**AFFIRMATION IN SUPPORT**

      Matthew S. Aboulafia, an attorney duly admitted to practice law before the courts of this state, affirms the following under the penalty of perjury:

      1.    I am the attorney for Defendant 202 GRANDVIEW ESTATES, LLC AND MOSHE JUNGER d/b/a GRANDVIEW ESTATES, LLC. (hereinafter "202 GRANDVIEW") in the above matter and submit this Affirmation in Support of the within Motion to Vacate the Default Judgment pursuant to FRCP §60(b).

      2.    This is an action for injuries sustained by the Plaintiff while doing work on the Defendant's property while employed by Tadana Construction LLC, a subcontractor hired by Master Roofing & Siding Inc. Defendant 202 GRANDVIEW had entered into a contract with Master to perform certain roofing work at the Defendant's property and said contract also contained a hold harmless provision, as well as 202 GRANDVIEW being named as an additional insured on Master's policy. Please see Affidavit from Moshe Junger attached hereto and Exhibits "B" and "C." Master Roofing then subcontracted some or all of the work out to Tadana Construction, who was the Plaintiff's employer.

      3.    The action was commenced in January 2008, and the Defendant was allegedly served via the Secretary of State but never actually received the summons and complaint. Please

2

see Junger affidavit. Moreover, the Defendant had no knowledge of this lawsuit until it received the notice of entry and supporting papers on or about May 28, 2008. At that time, Mr. Junger on behalf of himself and the Defendant corporation contacted his insurance company and Master's insurance company to come in and defend 202 GRANDVIEW. Please see Exhibits "D, E & F." Subsequently, Mr. Unger contacted and retained the undersigned who is moving for said relief.

4.  The within Motion to Vacate the Default Judgment should be granted pursuant to FRC §60(b)(4) on the ground that the judgment was void for lack of personal jurisdiction and pursuant to FRCP §60(b)(1) on the basis that all three criteria for determining whether to vacate such a judgment have been satisfied, which will be discussed more fully below. Specifically, as the Second Circuit held in *Davis v. Musler*, 713 F2d 907, 915 (2d Cir. 1983), a motion to vacate a default judgment pursuant to FRCP §60(b)(1) should be granted when sufficient evidence is presented that (1) the default was not willful; (2) the defendant has a meritorious defense; and (3) there is little or no prejudice that may occur to the non-defaulting party if relief is granted. In this case, the within papers present more than sufficient evidence that all three criteria have been met and that personal jurisdiction was not established.

I.  **The default judgment is void under FRCP §60(b)(4) for lack of personal jurisdiction.**

5.  First of all, Plaintiffs' Default Judgment should be vacated merely upon the fact that personal jurisdiction was not established upon the Defendants as they never received the summons and complaint in this action. While Plaintiffs claim, though this cannot be confirmed, the Defendants were served via the New York Secretary of State, said papers were never received. Please see Junger Affidavit. The Plaintiffs were required to mail a copy to the

3

Defendant corporation and also personally serve the individual, Mr. Junger. Please FRCP §4(e) and 4(h). Accordingly, the Plaintiffs did not serve the Defendants properly, and therefore do not have valid personal jurisdiction over 202 GRANDVIEW or Mr. Junger.

II. **Pursuant to FRCP §60(b)(1) the judgment should be vacated because the Defendants' default not willful, they have a meritorious defense, and there is no prejudice to the Plaintiffs in granting this relief.**

6. The Second Circuit Courts have liberally viewed motions to vacate default judgments, noting in particular that "strong public policy favors resolving disputes on the merits." *American Alliance Ins. Co Ltd v. Eagle Insurance Co.,* 92 F.3d 57, 61 (2nd Cir 1996); *Gravatt v. The City of New York et al,* 1997 WL 419955 (S.D.N.Y). Specifically, the Second Circuit in *Davis v. Musler* laid out three criteria that need to be evaluated in deciding if a motion to vacate a default judgment should be granted pursuant to FRCP §60(b)(1): "(1)whether the default was willful; (2) whether defendant has a meritorious defense; and (3)the level of prejudice that may occur to the non-defaulting party if relief is granted." 713 F.2d 907, 915 (2nd Cir 1983). In this case, the default was not willful as the Defendants did not receive the summons and complaint and did not know about the lawsuit until the default judgment was entered, and the Defendants have a meritorious defense because they had a hold harmless agreement with Masters, who hired the Plaintiff's employer, and were also an additional named insured on their policy. With respect to the third criteria, the lawsuit was only commenced in January 2008, and notice of entry was not filed until late May 2008 so there is no real prejudice to the Plaintiff especially since some of the necessary parties to this action have not been sued. Furthermore, the undersigned spoke with Plaintiffs' counsel who said that he would be filing an amended

4

summons and complaint to add Master Roofing as a Defendant to this action as they are a necessary party to this matter.

a. **The default by the Defendants was not willful nor in bad faith, and therefore, the first criteria for vacating a judgment has been satisfied.**

7. While New York Courts have generally refused to vacate a default judgment when the moving party made a strategic decision to default, the Second Circuit has also held that "the Court must look for bad faith or something more than mere negligence before rejecting a claim of excusable neglect based on an attorney's or a litigant's error." *Gravatt* 1997 WL 419955, 3; *See American Alliance*, 92 F.3d at 60; *See also Brien v. Kullamn Industries Inc*, 71 F.3d 1073 (2d Cir. 1995). Additionally, the Second Circuit in *Gravatt* held that "imprudent, inatentive, careless or even negligent handling of a case, although not to be condoned, does not demonstrate willfulness." *Gravatt Id. citing L.A. Gear Inc v. Kobacker Co Inc,* No. 93 Civ 8651, 1994 WL 455573 at 3, (S.D.N.Y. 1994). Clearly, there was no strategic decision on the part of the Defendant to default as he nor his corporation received the papers until after the default judgment was already entered with the Court. The minute the Defendant found out about the lawsuit he immediately contacted his insurance company and Master's insurance company to have them defend and indemnify 202 GRANDVIEW in this action. Immediately after receiving a denial from both their insurance company and Master's insurer, the Defendants retained counsel in an attempt to rectify the situation. Please see Exhibits "E" and "F." Whether it was an error on the part of the Plaintiffs regarding service or an error by the NY Secretary of State, there is an obvious and adequate reason for the Defendants' default in this matter, and thus, the first criteria has been satisfied.

5

b. **The second criteria for evaluating a motion for to vacate a judgment has been met because Defendants are able to assert a meritorious defense.**

8. With respect to the meritorious defense prong, the Second Circuit has adopted the standard espoused by the Seventh Circuit, specifically that "A defense is meritorious if it is good law as to give the factfinder some determination to make." *American Alliance,* 92 F.3d at 61 citing *Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs Inc,* 856 F.2d 873, 879 (7th Cir 1988); *See Gravatt,* 1997 WL 419955 at 4. The Defendants have asserted several defenses and have attached said answer hereto as Exhibit "G." The defenses include: (1) 202 GRANDVIEW had a hold harmless provision for indemnification in its agreement with Masters, who is the party who hired the Plaintiff's employer (2) was named as an additional insured on Master's insurance policy (3) a portion of the work done on Defendant's property was unknowingly subcontracted out to Tadana, the Plaintiff's employee (4) all the necessary parties to the action have not been joined and (5) contributory negligence. Aside from the fact that the Defendants never performed nor supervised any of the work done on the premises, the contract entered into between Master and the Defendants included a hold harmless provision that provides Master will defend and indemnify 202 GRANDVIEW from all claims of any nature, **including those brought by employees of any subcontractors arising in whole or in part from injury.** Please see page 2 of Exhibit "B." As such, this is clearly why Plaintiffs' counsel has indicated they will amend their summons and complaint and bring Master into this action as they have contractually agreed to indemnify the already named Defendants. Also, pursuant to the contract, Master named 202 GRANDVIEW as an additional insured on their liability policy. Furthermore, Masters never informed 202 GRANDVIEW or its representative that it had hired Tadana to do a portion of the work, and pursuant to the terms of the contract in the event a subcontractor was

hired all the same conditions were to apply, including adequate liaibilty insurance. Please see subsection E on Page 2 of Exhibit "B." In addition, the undersigned intends to bring a declaratory judgment action against both our insurance company, United Risk Management, and Master's insurance company, Scottsdale, for improper denials of a defense and indemnification for the Defendants. Thus, all the necessary parties to this action have not been joined, and the Defendants have obviously established a meritorious defense.

Moreover, the Defendants will assert contributory negligence, a valid defense pursuant to NY Lab Law Section §200, which the Plaintiffs assert as one of their causes of action. In *Gravatt*, the Second Circuit held that although the Plaintiff claimed contributory negligence was not a valid defense under New York Labor Law, it is clearly a defense under Section §200. *Gravatt*, 1997 WL 419955 at 5. Therefore, the Defendants have established several meritorious defenses to this action, and should be allowed to be heard on the merits of the case.

c. **The Plaintiffs will not be prejudiced if the judgment is vacated as the case has not been unduly delayed, and there is clearly a question of liability.**

With respect to the prejudice criteria, the Courts have held delay by itself is not sufficient to establish prejudice but rather have considered if the delay will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 *citing* 10 C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure: Civil* 2699 at 536-37 (1983); *See Gravatt*, 1997 WL 419955 at 6. It should be again noted that the Plaintiffs have indicated they are amending their summons and complaint to bring Master into the action, and therefore, the case will be delayed but Master is clearly a necessary party to this lawsuit. Additionally, the action was only commenced in January 2008 and the notice of entry entered in late May 2008. As soon as the Defendants received notice of

7

this action in late May, they contacted their insurance company and Master's insurer. Upon being denied a defense several weeks ago, the Defendants then sought counsel and retained the undersigned. It is evident that the Plaintiffs will not suffer from any real prejudice if the default judgment is vacated.

## CONCLUSION

The within Motion to Vacate the Default Judgment should be granted pursuant to FRC §60(b)(4) on the ground that the judgment was void for lack of personal jurisdiction and pursuant to FRCP §60(b)(1) on the basis that all three criteria for determining whether to vacate such a judgment have been satisfied. In this case, the within papers present more than sufficient evidence that all three criteria have been met, and that personal jurisdiction was not established.

_____
Matthew S. Aboulafia (MA-7873)