UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CEBASTIAN SICHIQUI and SONIA SINCHE
his wife, Per Quod

                                  Plaintiffs,

    -against-

202 GRANDVIEW ESTATES, LLC AND MOSHE
JUNGER d/b/a GRANDVIEW ESTATES, LLC.

                                Defendants.
-----------------------------------------------------------X

Civil Action No.:
08-CV00339

**AFFIDAVIT IN SUPPORT**

STATE OF NEW YORK   )

COUNTY OF NEW YORK  )

    Moshe Junger, being duly sworn deposes and says:

    1.    I am the sole member of the coporate Defendant named herein and submit this Affidavit in Support of the instant motion to vacate the default judgment entered against myself and my company.

    2.    I have both a meritorious defense to this action, as well as a reason why an answer to the Complaint was not timely interposed.

## FACTS

    3.    In 2005, I purchased, through my company 202 Grandview Estates LLC, the property at 202 Grandview Avenue Monsey New York. Please see the deed for the property attached hereto as Exhibit "A." I intended to make this property a home for my family and hired Master Roofing & Siding, Inc. (hereinafter "Master") to do certain work at the premises. As a condition to that work, I insisted that they name my company as an additional insured on their

1

insurance policy, which they did. Please see contract, invoice and certificate of insurance attached hereto as Exhibit "B."

4. They started work at the house and unbeknownst to me, Master sub contracted a portion or portions of their work to a company known as Tadana Construction, LLC (hereinafter "Tadana") whom I now know to be the company that the Plaintiff worked for at the time of this alleged incident. Please see a certificate of insurance for Tadana attached hereto as Exhibit "C."

## MERITORIOUS DEFENSE

5. Neither myself or my company performed any work at the premises up to and during the time of the alleged incident. All the work, including any supervisory work, was done by Master and Tadana. Additionally, the contract with Master includes a hold harmless agreement for indeminification of my company based on any claims or lawsuits arising out of their work at my premises *including claims brought by employees of their sub contractors*. As a result thereof Master needs to be brought into this litigation.

## NOTICE AND A EXCUSABLE DELAY

6. The first time I received notice of this lawsuit was on May 28, 2008 when a copy of the Default Judgment with Notice of Entry was mailed to my home address at 725 East 5th Street, Brooklyn, NY 11218. Please see the complaint and supporting papers attached hereto as Exhibit "D." I immedieatly notified my broker United Risk Management, who then contacted Master's insurance company, Scottsdale, to defend and indemnify my company in this lawsuit. Please see May 29, 2008 letter attached hereto as Exhibit "E."

On June 6, 2008 Scottsdale rejected my broker's request because the incorrect certificate of insurance was sent to them. Please see letter attached hereto as Exhibit "F." My broker then sent the correct certificate to Scottsdale, but he received no response from them until recently when they declined to defend me. At that point, my broker immediately contacted my insurer asking for a defense, for which we are still waiting for a response. Please see notification dated June 26, 2008 attached hereto as Exhibit "G."

I also had my personal lawyer, Elliot Haan, contact Plaintiff's attorney who had agreed to consider vacating the judgment if Scottsdale was willing to take over the case. Since I fully expected Scottsdale to defend me pursuant to my indemnification agreement with Master and due to the fact that I was named as an additional named insured on their policy, I did not hire an attorney to vacate the default judgment until last week.

I am advised that the above constitutes both a valid excuse for not timely answering the Complaint and a meritorious defense to the action.

_____
Moshe Junger

Sworn to before me this
21st day of July 2008

_____
Notary Public

JOSEPH ITZKOWITZ
NOTARY PUBLIC, State of New York
No. 01IT6178009
Qualified in Kings County
Commission Expires November 19, 2011

3