UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X    Docket No.: 08-cv-00339
CEBASTIAN SICHIQUI and SONIA SINCHE,
his wife, Per Quod

                                                                                                      **Trial by Jury Demanded**

                            Plaintiffs,

                                                                                                     **AMENDED
COMPLAINT**

       -against-

202 GRANDVIEW ESTATES, LLC, MOSHE
JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC
and MASTER ROOFING & SIDING, INC.

                              Defendants.
------------------------------------------------------------X

      Plaintiffs, complaining of the defendants, by their attorneys, **Ginarte, O'Dwyer Gonzalez & Winograd, LLP**, upon information and belief, at all times herein mentioned, allege as follows:

### AS AND FOR A FIRST CLAIM FOR RELIEF

1.     The plaintiffs are residents of the State of New Jersey, being domiciled at 27 Chilton Street, Elizabeth, New Jersey.

2.     Jurisdiction herein is based upon 28 U.S.C.§1332, diversity of citizenship and that the matter in controversy exceeds the sum of $75,000.

3.     The defendant, **202 GRANDVIEW ESTATES, LLC,** herein was and is still a domestic corporation organized and existing under the laws of the State of New York.

4.     The defendant, **202 GRANDVIEW ESTATES, LLC,** maintained a principal place of business at 199 Lee Avenue, Suite 287, Brooklyn, New York, County of Kings, within the State of New York.

5.     The defendant, **202 GRANDVIEW ESTATES, LLC,** was the owner of premises located at 202 Grandview Avenue, Town of Monsey, County of Rockland and State of New York

(hereinafter "the Premises").

6. The defendant, **MOSHE JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC**, herein was and is still a domestic corporation organized and existing under the laws of the State of New York.

7. The defendant, **MOSHE JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC**, maintained a principal place of business at 199 Lee Avenue, Suite 287, Brooklyn, New York, County of Kings, within the State of New York.

8. The defendant, **MOSHE JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC**, was the owner of premises located at 202 Grandview Avenue, Town of Monsey, County of Rockland and State of New York (hereinafter "the Premises").

9. The defendant **MOSHE JUNGER D/B/A 202 GRANDVIEW ESTATES, LLC** was involved with a construction project at the subject premises on July 25, 2007.

10. The defendant, **MASTER ROOFING & SIDING, INC.**, herein was and is still a domestic corporation organized and existing under the laws of the State of New York.

11. The defendant, **MASTER ROOFING & SIDING, INC.** maintained a principal place of business at 3 Deborah Road, Chestnut Ridge, New York 10952, County of Rockland, within the State of New York.

12. The defendant, **MASTER ROOFING & SIDING, INC.**, was the General Contractor involved in a construction project at the premises located at 202 Grandview Avenue, Town of Monsey, County of Rockland and State of New York (hereinafter "the Premises").

13. The defendant, **MOSHE JUNGER D/B/A 202 GRANDVIEW ESTATES, LLC** managed the aforementioned construction project and/or premises.

14. The defendant, **MOSHE JUNGER D/B/A 202 GRANDVIEW ESTATES, LLC**

maintained aforementioned construction project and/or premises.

15. The defendant, **MOSHE JUNGER D/B/A 202 GRANDVIEW ESTATES, LLC** controlled the aforementioned construction project and/or premises.

16. The defendant, **202 GRANDVIEW ESTATES LLC**, managed the aforementioned construction project and/or premises.

17. The defendant, **202 GRANDVIEW ESTATES LLC**, maintained the aforementioned construction project and/or premises.

18. The defendant, **202 GRANDVIEW ESTATES LLC**, controlled the aforementioned construction project and/or premises.

19. The defendant, **MASTER ROOFING & SIDING, INC.**, managed the aforementioned construction project and/or premises.

20. The defendant, **MASTER ROOFING & SIDING, INC.**, maintained the aforementioned construction project and/or premises.

21. The defendant, **MASTER ROOFING & SIDING, INC.**, controlled the aforementioned construction project and/or premises.

22. Sometime prior to the occurrence complained of, the defendants, **202 GRANDVIEW ESTATES LLC, MOSHE JUNGER D/B/A 202 GRANDVIEW ESTATES, LLC** and **MASTER ROOFING & SIDING, INC.** contracted with Tadana Construction to erect, demolish, renovate, repair, alter, alter, paint, clean, excavate, construct and/or maintain the aforementioned construction project and/or premises.

23. On July 25, 2007, the plaintiff, **CEBASTIAN SICHIQUI** was an employee of Tadana Construction.

24. On July 25, 2007, the plaintiff, **CEBASTIAN SICHIQUI** was lawfully at the

aforementioned construction project and/or premises and was in the course of his employment with Tadana Construction in connection with the erection, demolition, repairing, altering, painting, cleaning, renovation, excavation, construction and/or maintenance of the aforementioned premises.

25. On July 25, 2007, the plaintiff, **CEBASTIAN SICHIQUI** while engaged in the above described employment was cause to fall and suffer severe and permanent personal injuries.

26. The aforesaid occurrence and consequential injuries were due solely and occasioned by the wanton, reckless, malicious and negligent acts of the defendants , with utter disregard of the result upon the rights and safety of the plaintiff, either alone or in conjunction with its agents, servants and/or employees, and without any negligence on the part of the plaintiff contributing thereto; in failing to advise the plaintiff of the dangerous condition then and there existing; in failing to provide the plaintiff with proper safety equipment; in permitting, allowing and causing the plaintiff to work under dangerous and unsafe conditions; in failing to insure that the work area be so constructed, shored, equipped, guarded, arranged, operated and conducted so as to provide reasonable and adequate protection and safety to the persons employed thereon as mandated by the United States and the New York State Administrative enactments and statutes.

27. The above described occurrence was caused by the defendants' violation of Section 200 of the Labor Law of the State of New York.

28. The above described occurrence was caused by the defendants' violation of Section 240 of the Labor Law of the State of New York.

29. The above described occurrence was caused by the defendants' violation of Section 241 of the Labor Law of the State of New York, and more particularly, Subsection (6) thereof.

30. By reason of the foregoing, the plaintiff, **CEBASTIAN SICHIQUI** has been

damaged in an amount not exceeding **FIVE MILLION DOLLARS ($5,000,000.00)**.

<u>**AS AND FOR A SECOND CLAIM FOR RELIEF**</u>

31. Plaintiffs reiterate and reallege each and every allegation contained in paragraphs "1" through "30" as if completely set forth herein

32. Plaintiff, **SONIA SINCHE**, was, at the time of the incident complained of, and is the wife of the Plaintiff, **CEBASTIAN SICHIQUI**.

33. As the result of the Defendants' negligence she was denied, the companionship, society and consortium of her husband, the Plaintiff, **CEBASTIAN SICHIQUI**.

34. By reason of the foregoing, the Plaintiff, **SONIA SINCHE**, has been damaged in the amount of **ONE MILLION DOLLARS ($1,000,000.00)**

**WHEREFORE**, Plaintiffs demand judgment in an amount to be determined by this Court at a time to be determined by this Court in an amount which is beyond the jurisdictional capacity of all lower Courts which would otherwise have jurisdiction over this matter.

Dated: New York, New York
July 24, 2008

YOURS, ETC.,

*(signature)*

**RICHARD M. WINOGRAD**(RW6911)
GINARTE, O'DWYER GONZALEZ & WINOGRAD LLP
Attorneys for Plaintiff(s)
225 Broadway, 13th Floor
New York, New York 10007
212-601-9700

## VERIFICATION

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NEW YORK )

   **RICHARD WINOGRAD**, an attorney admitted to practice in the Courts of New York State, states:

   Affirmant is a member of the law firm of GINARTE, O'DWYER, GONZALEZ & WINOGRAD, LLP, attorneys of record for the plaintiff in the within action. Affirmant has read the foregoing **AMENDED COMPLAINT** and knows the contents thereof; the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, affirmant believes it to be true.

   This verification is made by affirmant and not by plaintiff, for the reason that plaintiff's residence is not in the county where affirmant maintains her office.

   The ground of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: information furnished by plaintiff and counsel's investigation.

   The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: July 24, 2008

                   _____
                   RICHARD M. WINOGRAD