UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
CEBASTIAN SICHIQUI and SONIA SINCHE
his wife, Per Quod

              Plaintiff,

     -against-

202 GRANDWVIEW ESTATES, LLC and
MOSHE JUNGER d/b/a GRANDWVIEW
ESTATES, LLC and MASTER ROOFING &
SIDING, INC.
              Defendants
--------------------------------------------------------X

**AFFIRMATION IN
OPPOSITION OF
MOTION TO SET ASIDE
ENTRY OF DEFAULT**
Docket No. 08-CV- 00339

      RICHARD M. WINOGRAD, ESQ., an attorney duly licensed to practice law in this court, deposes and says under the penalty of perjury:

     1.     I am a member of the Bar of this Court and a partner in the firm of GINARTE, O'DWYER, GONZALEZ & WINOGRAD, LLP attorneys for plaintiff in the above-entitled action. I am familiar with the facts and circumstances in this action. I am admitted to practice law before this Court.

     2.     I make this Affirmation in opposition to defendants' motion to set aside entry of default pursuant to Rule 55(c).

     3.     This action was commenced on January 3, 2008 by the filing of a Summons and Complaint. A copy of the Summons and Complaint is attached hereto as **Exhibit "A."** A copy of the summons and complaint was served on the defendants, 202 Grandview Estates, LLC and Moshe Junger d/b/a Grandview Estates, LLC, on January 30, 2008. Copies of the Affidavits of Service are attached hereto as **Exhibit "B."** Proof of service was filed. An amended complaint was filed with the court on July 30, 2008. A

copy of the amended complaint is attached hereto as **Exhibit "C."** Defendants' have not answered the complaint or otherwise moved with respect to the complaint and the time for Defendants' to answer the complaint has expired.

4.    On or about May 19, 2008, Plaintiff's motion for default judgment was granted by the Court. A copy of the Clerk's Notation of Default is annexed as **Exhibit "D."**

5.    Defendants do not meet the required burden promulgated in Rule 55(c) that states, "For good cause shown the Court may set aside an entry of default." This accident occurred on July 25, 2007. Notice of suit was served upon defendants by the Secretary of State on January 30, 2008.

6.    Default judgments are vacated according to the court's discretion. However, the court's discretion, while to be liberally exercised, is not absolute; it should be resorted to only to relieve a party from "judgments taken through fraud, mistake, inadvertence, surprise or excusable neglect." *Shouse v. Lyons*, 4 A.D.3d 821, 772 N.Y.S.2d 177 (App.Div. 4th Dep't 2004); *McKenna v. Nassau County*, 61 N.Y.2d 739, 472 N.Y.S.2d 913, 460 N.D.2d 1348 (1984).

7.    It is clear that judgment in this case was not taken through fraud, mistake or inadvertence. Defendants are undoubtedly the owners of the premises in question who were properly served and given the appropriate amount of time to respond to plaintiff's pleadings.

8.    It is also clear that default judgment was not entered to the defendant's surprise, as they contend in their Motion. Proof of personal service is attached to this affirmation. In addition to formal proof, it is unquestionable, given the facts of the case,

that defendants at the very least had constructive notice of the accident. Plaintiff's injuries required that he be airlifted to the hospital. Yet the seriousness of the accident did not push defendants to even contact their insurance carriers until nearly a year following the accident, and then they did so only in light of default judgment entered against them.

9.     Thus, the neglect exhibited by defendants in responding to this accident and failing to respond to the legal action that it produced exceeds excusable levels. Again, the facts plainly demonstrate that subsequent to service of the complaint, defendant waited over four months to take any action regarding this case. This means defendant's waited nearly a full year before taking any action regarding this major incident. Given the gravity of such an occurrence, as well defendants' role as owner and company president, defaulting in this situation goes beyond mere negligence.

10.     The default judgment granted in favor of plaintiff should remain in effect, as the defendants' unreasonably delayed answering Plaintiff's complaint and were fully aware as of January 30, 2008 that an answer was required.

**WHEREFORE**, plaintiff requests that Defendants' motion to lift Plaintiff's default be DENIED and this action be scheduled for a trial on damages.


Dated:  New York, New York          Ginarte, O'Dwyer, Gonzalez & Winograd
           August 12, 2008

                                    Richard M. Winograd, Esq. (RW6911)
                                    Attorney for Plaintiff
                                    225 Broadway, 13th Floor
                                    New York, NY 10007
                                    (212) 601-9700

## AFFIRMATION OF SERVICE BY MAIL

STATE OF NEW YORK    )
                        ) ss.:
COUNTY OF NEW YORK  )

      **RICHARD M. WINOGRAD** affirms that I am a partner with GINARTE, O'DWYER GONZALEZ & WINOGRAD, LLP and that on August 12, 2008 I served a copy of the within **AFFIRMATION IN OPPOSITION TO DEFENDANTS' MOTION TO LIFT DEFAULT JUDGMENT** upon the following parties and/or attorneys for the parties shown below by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department and via facsimile.

### ADDRESSES

Matthew S. Aboulafia, Esq.
ABOULAFIA LAW FIRM LLC
Attorney for Defendant
60 East 42nd Street, Suite 2231
New York, NY 10165
(212) 684-1422

RICHARD M. WINOGRAD
Ginarte O'Dwyer Gonzalez & Winograd
*Attorney for Plaintiff, Cebastian Sichiqui*
225 Broadway, 13th Floor
New York, NY 10007
(212) 601-9700

**EXHIBIT A**

# United States District Court

SOUTHERN **DISTRICT OF** _____ NEW YORK _____

CEBASTIAN SICHIQUI and SONIA SINCHE, his
wife, PER QUOD

### SUMMONS IN A CIVIL CASE

### V.

202 GRANDVIEW ESTATES, LLC and MOSHE
JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC

CASE NUMBER:

## 08 CV 00339

TO: (Name and address of defendant)

202 GRANDVIEW ESTATES, LLC - 199 Lee Avenue, Suite 287, Brooklyn, NY 11211

MOSHE JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC-199 Lee Avenue, Suite
287, Brooklyn, NY 11211

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

GINARTE, O'DWYER GONZALEZ & WINOGRAD, LLP
305 Broadway, Suite 800
New York, New York 10007

an answer to the complaint which is herewith served upon you, within _____ 30 _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

J. MICHAEL McMAHON

CLERK

(BY) DEPUTY CLERK

JAN 1 5 2008

DATE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CEBASTIAN SICHIQUI and SONIA SINCHE,
his wife, Per Quod

          Plaintiffs,

    -against-

202 GRANDVIEW ESTATES, LLC and MOSHE
JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC

          Defendants.
-----------------------------------------------------------------X

Trial by Jury Demanded

**COMPLAINT**

JAN 15 2008

U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiffs, complaining of the defendants, by their attorneys, **Ginarte, O'Dwyer Gonzalez**

**& Winograd, LLP,** upon information and belief, at all times herein mentioned, allege as follows:

## AS AND FOR A FIRST CLAIM FOR RELIEF

    1.    The plaintiffs are residents of the State of New Jersey, being domiciled at 27 Chilton

Street, Elizabeth, New Jersey.

    2.    Jurisdiction herein is based upon 28 U.S.C.§1332, diversity of citizenship and that

the matter in controversy exceeds the sum of $75,000.

    3.    The defendant, **202 GRANDVIEW ESTATES, LLC,** herein was and is still a

domestic corporation organized and existing under the laws of the State of New York.

    4.    The defendant, **202 GRANDVIEW ESTATES, LLC,** maintained a principal place

of business at 199 Lee Avenue, Suite 287, Brooklyn, New York, County of Kings, within the State

of New York.

    5.    The defendant, **202 GRANDVIEW ESTATES, LLC,** was the owner of premises

located at 202 Grandview Avenue, Town of Monsey, County of Rockland and State of New York

(hereinafter "the Premises").

6.      The defendant, **MOSHE JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC,** herein was and is still a domestic corporation organized and existing under the laws of the State of New York.

7.      The defendant, **MOSHE JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC,** maintained a principal place of business at 199 Lee Avenue, Suite 287, Brooklyn, New York, County of Kings, within the State of New York.

8.      The defendant, **MOSHE JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC,** was the owner of premises located at 202 Grandview Avenue, Town of Monsey, County of Rockland and State of New York (hereinafter "the Premises").

9.      The defendant **MOSHE JUNGER D/B/A 202 GRANDVIEW ESTATES, LLC** was involved with a construction project at the subject premises on July 25, 2007.

10.     The defendant **202 GRANDVIEW ESTATES LLC** was a contractor involved with a construction project at the premises on or about July 25, 2007.

11.     The defendant, **MOSHE JUNGER D/B/A 202 GRANDVIEW ESTATES, LLC** managed the aforementioned construction project and/or premises.

12.     The defendant, **MOSHE JUNGER D/B/A 202 GRANDVIEW ESTATES, LLC** controlled aforementioned construction project and/or premises.

13.     The defendant, **202 GRANDVIEW ESTATES LLC**, managed the aforementioned construction project and/or premises.

14.     The defendant, **202 GRANDVIEW ESTATES LLC**, controlled the aforementioned construction project and/or premises.

15.     Sometime prior to the occurrence complained of, the defendants, **202 GRANDVIEW ESTATES LLC** and **MOSHE JUNGER D/B/A 202 GRANDVIEW ESTATES,**

LLC contracted with Tadana Construction. to erect, demolish, renovate, repair, alter, alter, paint, clean, excavate, construct and/or maintain the aforementioned construction project and/or premises.

16.     On July 25, 2007, the plaintiff, **CEBASTIAN SICHIQUI** was an employee of Tadana Construction.

17.     On July 25, 2007, the plaintiff, **CEBASTIAN SICHIQUI** was lawfully at the aforementioned construction project and/or premises and was in the course of his employment with Tadana Construction in connection with the erection, demolition, repairing, altering, painting, cleaning, renovation, excavation, construction and/or maintenance of the aforementioned premises.

18.     On July 25, 2007, the plaintiff, **CEBASTIAN SICHIQUI** while engaged in the above described employment was cause to fall and suffer severe and permanent personal injuries.

19.     The aforesaid occurrence and consequential injuries were due solely and occasioned by the wanton, reckless, malicious and negligent acts of the defendants , with utter disregard of the result upon the rights and safety of the plaintiff, either alone or in conjunction with its agents, servants and/or employees, and without any negligence on the part of the plaintiff contributing thereto; in failing to advise the plaintiff of the dangerous condition then and there existing; in failing to provide the plaintiff with proper safety equipment; in permitting, allowing and causing the plaintiff to work under dangerous and unsafe conditions; in failing to insure that the work area be so constructed, shored, equipped, guarded, arranged, operated and conducted so as to provide reasonable and adequate protection and safety to the persons employed thereon as mandated by the United States and the New York State Administrative enactments and statutes.

20.     The above described occurrence was caused by the defendants' violation of Section 200 of the Labor Law of the State of New York.

21.     The above described occurrence was caused by the defendants' violation of Section

240 of the Labor Law of the State of New York.

22.    The above described occurrence was caused by the defendants' violation of Section 241 of the Labor Law of the State of New York, and more particularly, Subsection (6) thereof.

23.    By reason of the foregoing, the plaintiff, **CEBASTIAN SICHIQUI** has been damaged in an amount not exceeding **FIVE MILLION DOLLARS ($5,000,000.00)**.

## AS AND FOR A SECOND CLAIM FOR RELIEF

24.    Plaintiffs reiterate and reallege each and every allegation contained in paragraphs "1" through "18" as if completely set forth herein

25.    Plaintiff, **SONIA SINCHE**, was, at the time of the incident complained of, and is the wife of the Plaintiff, **CEBASTIAN SICHIQUI**.

26.    As the result of the Defendants' negligence she was denied, the companionship, society and consortium of her husband, the Plaintiff, **CEBASTIAN SICHIQUI**.

27.    By reason of the foregoing, the Plaintiff, **SONIA SINCHE**, has been damaged in the amount of **ONE MILLION DOLLARS ($1,000,000.00)**

**WHEREFORE**, Plaintiff demands judgment in an amount to be determined by this Court at a time to be determined by this Court in an amount which is beyond the jurisdictional capacity of all lower Courts which would otherwise have jurisdiction over this matter.

Dated:  New York, New York
            January 2, 2008

                                                        YOURS, ETC.,

                                                        RICHARD M. WINOGRAD(RW6911)
                                                        GINARTE, O'DWYER GONZALEZ & WINOGRAD LLP
                                                        Attorneys for Plaintiff(s)
                                                        305 Broadway, Suite 800
                                                        New York, New York 10007
                                                        212-267-4185

**EXHIBIT B**

UNITED STATES DISTRICT COURT/SOUTHERN DISTRICT OF NEW YORK   Attorney: GINARTE, O'DWYER &
                                                                       WINOGRAD LLP - 805

| | |
|---|---|
| CEBASTIAN SICHIQUI AND SONIA SINCHE HIS WIFE PER QUOD<br><br>                                        Plaintiff(s)<br><br>                    - against -<br><br> 202 GRANDVIEW ESTATES, LLC ET ANO<br><br>                                        Defendant(s) | Index #: 08 CV 00339 (SWEET)<br><br>Date Filed:<br><br>**AFFIDAVIT OF SERVICE**<br><br>Attorney File #1: 600489 |

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

STEVEN C. AVERY BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE
OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on January 30, 2008 at 10:00 AM at

THE OFFICE OF THE SECRETARY OF STATE
99 WASHINGTON AVENUE
ALBANY, NY12210

deponent served the within two true copies of the SUMMONS & VERIFIED COMPLAINT on MOSHE JUNGER D/B/A 202 GRANDVIEW
ESTATES, LLC, the defendant/respondent therein named,

**SECRETARY**   by delivering two true copies to MS. DONNA CHRISTIE personally, an agent in the office of the Secretary of State of
**OF STATE**    the State of New York and knew said individual to be AUTHORIZED to accept thereof.

Service upon the N.Y.S. Secretary of State under SECTION 303 LIMITED LIABILITY COMPANY LAW and tendering the required fee
of $40.00.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| FEMALE | WHITE | BLONDE | 35 | 5'5 | 145 |

Sworn to me on:  February 4, 2008

Linda Forman
Notary Public, State of New York
No. 01FO5031305
Qualified in New York County
Commission Expires August 1, 2010

Robin M. Forman
Notary Public, State of New York
No. 01FO6125415
Qualified in New York County
Commission Expires April 18,
2009

Larry Yee
Notary Public, State of New York
No. 01YE5015682
Qualified in New York County
Commission Expires July 26, 2009

**STEVEN C. AVERY**

Docket #: 537772

UNITED STATES DISTRICT COURT/SOUTHERN DISTRICT OF NEW YORK   Attorney: GINARTE, O'DWYER & WINOGRAD LLP - 805

| | |
|---|---|
| CEBASTIAN SICHIQUI AND SONIA SINCHE HIS WIFE PER QUOD<br><br>Plaintiff(s)<br><br>- against -<br><br>202 GRANDVIEW ESTATES, LLC ET ANO<br><br>Defendant(s) | Index #: 08 CV 00339 (SWEET)<br><br>Date Filed:<br><br>**AFFIDAVIT OF SERVICE**<br><br>Attorney File #1: 600489 |

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

STEVEN C. AVERY BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on January 30, 2008 at 10:00 AM at

THE OFFICE OF THE SECRETARY OF STATE
99 WASHINGTON AVENUE
ALBANY, NY 12210

deponent served the within two true copies of the SUMMONS & VERIFIED COMPLAINT on 202 GRANDVIEW ESTATES, LLC, the defendant/respondent therein named,

**SECRETARY OF STATE**   by delivering two true copies to MS. DONNA CHRISTIE personally, an agent in the office of the Secretary of State of the State of New York and knew said individual to be AUTHORIZED to accept thereof.

Service upon the N.Y.S. Secretary of State under SECTION 303 LIMITED LIABILITY COMPANY LAW and tendering the required fee of $40.00.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx.) |
|---|---|---|---|---|---|
| FEMALE | WHITE | BLONDE | 35 | 5'5 | 145 |

Sworn to me on: February 4, 2008

Linda Forman
Notary Public, State of New York
No. 01FO5031305
Qualified in New York County
Commission Expires August 1, 2010

Robin M. Forman
Notary Public, State of New York
No. 01FO6125415
Qualified in New York County
Commission Expires April 18, 2009

Larry Yee
Notary Public, State of New York
No. 01YE5015682
Qualified in New York County
Commission Expires July 26, 2009

STEVEN C. AVERY

Docket #: 537771

**EXHIBIT  C**

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ Southern _____  District of  _____ New York _____

**SUMMONS IN A CIVIL ACTION**

V.

CASE NUMBER:

TO: (Name and address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

JUL 3 0 2008

CLERK

_Catherine Lapsley_

DATE

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X        Docket No.: 08-cv-00339
CEBASTIAN SICHIQUI and SONIA SINCHE,
his wife, Per Quod

                     Plaintiffs,

          -against-

202 GRANDVIEW ESTATES, LLC, MOSHE
JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC
and MASTER ROOFING & SIDING, INC.

                   Defendants.
-----------------------------------------------------------------X

<u>Trial by Jury Demanded</u>

**AMENDED
COMPLAINT**



Plaintiffs, complaining of the defendants, by their attorneys, **Ginarte, O'Dwyer Gonzalez & Winograd, LLP**, upon information and belief, at all times herein mentioned, allege as follows:

## AS AND FOR A FIRST CLAIM FOR RELIEF

1.     The plaintiffs are residents of the State of New Jersey, being domiciled at 27 Chilton Street, Elizabeth, New Jersey.

2.     Jurisdiction herein is based upon 28 U.S.C. §1332, diversity of citizenship and that the matter in controversy exceeds the sum of $75,000.

3.     The defendant, **202 GRANDVIEW ESTATES, LLC,** herein was and is still a domestic corporation organized and existing under the laws of the State of New York.

4.     The defendant, **202 GRANDVIEW ESTATES, LLC,** maintained a principal place of business at 199 Lee Avenue, Suite 287, Brooklyn, New York, County of Kings, within the State of New York.

5.     The defendant, **202 GRANDVIEW ESTATES, LLC,** was the owner of premises located at 202 Grandview Avenue, Town of Monsey, County of Rockland and State of New York

(hereinafter "the Premises").

6.     The defendant, **MOSHE JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC,** herein was and is still a domestic corporation organized and existing under the laws of the State of New York.

7.     The defendant, **MOSHE JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC,** maintained a principal place of business at 199 Lee Avenue, Suite 287, Brooklyn, New York, County of Kings, within the State of New York.

8.     The defendant, **MOSHE JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC,** was the owner of premises located at 202 Grandview Avenue, Town of Monsey, County of Rockland and State of New York (hereinafter "the Premises").

9.     The defendant **MOSHE JUNGER D/B/A 202 GRANDVIEW ESTATES, LLC** was involved with a construction project at the subject premises on July 25, 2007.

10.    The defendant, **MASTER ROOFING & SIDING, INC.**, herein was and is still a domestic corporation organized and existing under the laws of the State of New York.

11.    The defendant, **MASTER ROOFING & SIDING, INC.** maintained a principal place of business at 3 Deborah Road, Chestnut Ridge, New York 10952, County of Rockland, within the State of New York.

12.    The defendant, **MASTER ROOFING & SIDING, INC.**,  was the General Contractor involved in a construction project at the premises located at 202 Grandview Avenue, Town of Monsey, County of Rockland and State of New York (hereinafter "the Premises").

13.    The defendant, **MOSHE JUNGER D/B/A 202 GRANDVIEW ESTATES, LLC** managed the aforementioned construction project and/or premises.

14.    The defendant, **MOSHE JUNGER D/B/A 202 GRANDVIEW ESTATES, LLC**

maintained aforementioned construction project and/or premises.

15.     The defendant, **MOSHE JUNGER D/B/A 202 GRANDVIEW ESTATES, LLC** controlled the aforementioned construction project and/or premises.

16.     The defendant, **202 GRANDVIEW ESTATES LLC**, managed the aforementioned construction project and/or premises.

17.     The defendant, **202 GRANDVIEW ESTATES LLC**, maintained the aforementioned construction project and/or premises.

18.     The defendant, **202 GRANDVIEW ESTATES LLC**, controlled the aforementioned construction project and/or premises.

19.     The defendant, **MASTER ROOFING & SIDING, INC.**, managed the aforementioned construction project and/or premises.

20.     The defendant, **MASTER ROOFING & SIDING, INC.**, maintained the aforementioned construction project and/or premises.

21.     The defendant, **MASTER ROOFING & SIDING, INC.**, controlled the aforementioned construction project and/or premises.

22.     Sometime prior to the occurrence complained of, the defendants, **202 GRANDVIEW ESTATES LLC, MOSHE JUNGER D/B/A 202 GRANDVIEW ESTATES, LLC** and **MASTER ROOFING & SIDING, INC.** contracted with Tadana Construction to erect, demolish, renovate, repair, alter, alter, paint, clean, excavate, construct and/or maintain the aforementioned construction project and/or premises.

23.     On July 25, 2007, the plaintiff, **CEBASTIAN SICHIQUI** was an employee of Tadana Construction.

24.     On July 25, 2007, the plaintiff, **CEBASTIAN SICHIQUI** was lawfully at the

aforementioned construction project and/or premises and was in the course of his employment with Tadana Construction in connection with the erection, demolition, repairing, altering, painting, cleaning, renovation, excavation, construction and/or maintenance of the aforementioned premises.

25.     On July 25, 2007, the plaintiff, **CEBASTIAN SICHIQUI** while engaged in the above described employment was cause to fall and suffer severe and permanent personal injuries.

26.     The aforesaid occurrence and consequential injuries were due solely and occasioned by the wanton, reckless, malicious and negligent acts of the defendants , with utter disregard of the result upon the rights and safety of the plaintiff, either alone or in conjunction with its agents, servants and/or employees, and without any negligence on the part of the plaintiff contributing thereto; in failing to advise the plaintiff of the dangerous condition then and there existing; in failing to provide the plaintiff with proper safety equipment; in permitting, allowing and causing the plaintiff to work under dangerous and unsafe conditions; in failing to insure that the work area be so constructed, shored, equipped, guarded, arranged, operated and conducted so as to provide reasonable and adequate protection and safety to the persons employed thereon as mandated by the United States and the New York State Administrative enactments and statutes.

27.     The above described occurrence was caused by the defendants' violation of Section 200 of the Labor Law of the State of New York.

28.     The above described occurrence was caused by the defendants' violation of Section 240 of the Labor Law of the State of New York.

29.     The above described occurrence was caused by the defendants' violation of Section 241 of the Labor Law of the State of New York, and more particularly, Subsection (6) thereof.

30.     By reason of the foregoing, the plaintiff, **CEBASTIAN SICHIQUI** has been

damaged in an amount not exceeding **FIVE MILLION DOLLARS ($5,000,000.00)**.

## AS AND FOR A SECOND CLAIM FOR RELIEF

31.    Plaintiffs reiterate and reallege each and every allegation contained in paragraphs

"1" through "30" as if completely set forth herein

32.    Plaintiff, **SONIA SINCHE**, was, at the time of the incident complained of, and is

the wife of the Plaintiff, **CEBASTIAN SICHIQUI**.

33.    As the result of the Defendants' negligence she was denied, the companionship,

society and consortium of her husband, the Plaintiff, **CEBASTIAN SICHIQUI**.

34.    By reason of the foregoing, the Plaintiff, **SONIA SINCHE**, has been damaged in

the amount of **ONE MILLION DOLLARS ($1,000,000.00)**

**WHEREFORE**, Plaintiffs demand judgment in an amount to be determined by this

Court at a time to be determined by this Court in an amount which is beyond the jurisdictional

capacity of all lower Courts which would otherwise have jurisdiction over this matter.

Dated: New York, New York
       July 24, 2008

YOURS, ETC.,

**RICHARD M. WINOGRAD**(RW6911)
GINARTE, O'DWYER GONZALEZ & WINOGRAD LLP
Attorneys for Plaintiff(s)
225 Broadway, 13th Floor
New York, New York 10007
212-601-9700

## VERIFICATION

STATE OF NEW YORK )
                     ) ss.:
COUNTY OF NEW YORK )

         **RICHARD WINOGRAD**, an attorney admitted to practice in the Courts of New York State, states:

         Affirmant is a member of the law firm of GINARTE, O'DWYER, GONZALEZ & WINOGRAD, LLP, attorneys of record for the plaintiff in the within action. Affirmant has read the foregoing **AMENDED COMPLAINT** and knows the contents thereof; the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, affirmant believes it to be true.

         This verification is made by affirmant and not by plaintiff, for the reason that plaintiff's residence is not in the county where affirmant maintains her office.

         The ground of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: information furnished by plaintiff and counsel's investigation.

         The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: July 24, 2008

                                    _____
                                    RICHARD M. WINOGRAD

**EXHIBIT  D**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
CEBASTIAN SICHIQUI AND SONIA SINCHE,
his wife, PER QUOD,

                    Plaintiffs,

                                                    Docket # 08-CV-00339

        -against-

202 GRANDVIEW ESTATES, LLC AND MOSHE          **NOTICE OF ENTRY**
JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC,

                    Defendants..
--------------------------------------------------------------X

        PLEASE TAKE NOTICE, that the within is a (certified) true copy of a   DEFAULT

JUDGMENT duly signed by Judge Robert W. Sweet of the U.S.D.C, Southern District of New York,

on the 23rd day of April, 2008 and the Clerk's Certificate filed on April 22, 2008 in the office of the

Judgment Clerk of the Court.


Dated:  New York, New York
        May 19, 2008

                            GINARTE, O'DWYER GONZALEZ & WINOGRAD, LLP

                            Gary R. Novins, Esq. (GN5998)
                            Attorneys for Plaintiffs
                            225 Broadway, 13th Floor
                            New York, New York 10007
                            (212) 601-9700


To:

202 Grandview Estates, LLC
199 Lee Avenue, Suite 287
Brooklyn, New York 11211

Moshe Junger d/b/a 202 Grandview Estates, LLC
199 Lee Avenue, Suite 287
Brooklyn, New York 11211

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x    08 Civ. 00339 (RWS)
CEBASTIAN SICHIQUI AND SONIA SINCHE,
his wife, PER QUOD,

Plaintiff,

- against -

202 GRANDVIEW ESTATES, LLC and MOSHE
JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC,

Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**DEFAULT JUDGMENT**

```
┌─────────────────────────────┐
│ USDC SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #:                       │
│ DATE FILED:  4/24/08         │
└─────────────────────────────┘
```

This action having been commenced on January 15, 2008 by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been served on the defendants, 202 GRANDVIEW ESTATES, LLC and MOSHE JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC, on January 30, 2008 by Secretary of State and a proof of service having been filed on February 12, 2008 and the defendant not having answered the Complaint, and the time for answering the Complaint having expired, it is

ORDERED, ADJUDGED AND DECREED: That the plaintiff have judgment against defendant in the liquidated amount of $5,000,000.00 plus costs and disbursements of this action in the amount of $679.33 amounting in all to $5,000,679.33.

Dated: New York, New York
4·23·08

_____
U.S.D.J.

This document was entered on the docket on _____.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x     08 Civ. 00339
CEBASTIAN SICHIQUI AND SONIA SINCHE,
his wife, PER QUOD,

         - against -                         **CLERK'S CERTIFICATE**

202 GRANDVIEW ESTATES, LLC and MOSHE
JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC,

                           Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

APR 22 2008

I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on January 15, 2008 with the filing of a summons and complaint, a copy of the summons and complaint was served on defendants by serving 202 GRANDVIEW ESTATES, LLC and MOSHE JUNGER d/b/a 202 GRANDVIEW ESTATES, LLC, on January 30, 2008 by Secretary of State and a proof of such service thereof was filed on February 12, 2008.

I further certify that the docket entries indicate that the defendants have not filed an answer or otherwise moved with respect to the complaint herein. The default of the defendant is hereby noted.

Dated: New York, New York
        _April 9, 2008_

                                **J. MICHAEL MCMAHON**
                                Clerk of the Court

                By:_____
                         Deputy Clerk

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Moshe Junger
725 East 5th St
Brooklyn, NY 11218

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                         ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
T: Jungfll                        5.23.

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☒ Certified Mail      ☐ Express Mail
☐ Registered          ☒ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7007 0710 0005 6021 8350

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-15

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK  )

**ANA E. COLON**, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Bronx County, New York.

On May 20, 2008 deponent served a copy of the within **NOTICE OF ENTRY** upon the following parties and/or attorneys for the parties shown below by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department.

## ADDRESSES

Via CMRRR:  7007 0710 0005 6021 9326
202 Grandview Estates, LLC
199 Lee Avenue, Suite 287
Brooklyn, New York 11211

Via CMRRR:  7007 0710 0005 6021 9319
Moshe Junger d/b/a 202 Grandview Estates, LLC
199 Lee Avenue, Suite 287
Brooklyn, New York 11211

Via CMRRR:  7007 0710 0005 6021 8350
Moshe Junger
725 East 5th Street
Brooklyn, New York 11218

_____
ANA E. COLON

Sworn to before me this
20th day of May, 2008

_____
Notary Public

SHIRLEY MEDINA
Notary Public State of New York
Nº 01ME6157996
Qualified in Kings County
Commission Expires Dec  16  2010

GINARTE, O'DWYER GONZALEZ & WINOGRAD, LLP
Attorneys At Law
225 Broadway, 13th Floor
New York, New York 10007

GINARTE, O'DWYER GONZALEZ & WINOGRAD, LLP
Attorneys At Law
225 Broadway, 13th Floor
New York, New York 10007

CERTIFIED MAIL

7007 0710 0005 6021 9326

7007 0710 0005 6021 9319

RETURN TO SENDER
UNCLAIMED

RETURN TO SENDER
UNCLAIMED

9202 Grandview Estates, LLC
199 Lee Avenue, Suite 283
Brooklyn, New York 11211

Moshe Junger
d/b/a 9202 Grandview Estates, LLC
199 Lee Avenue, Suite 283
Brooklyn, New York 11211

N/L 05/21

N/L 05/21

UNITED STATES POSTAGE
PITNEY BOWES
02 1P        $005.320
0004502608  MAY 20 2008
MAILED FROM ZIP CODE 10007

UNITED STATES POSTAGE
PITNEY BOWES
02 1P        $005.320
0004502608  MAY 20 2008
MAILED FROM ZIP CODE 10007